# EXHIBIT A

**THE LAW OFFICES OF ROBERT G. ANDROSIGLIO, P.C.**
30 Wall Street, 8th Floor, New York, New York 10005
(212) 742-0001 – Fax (212) 742-0005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEIDRA HUBAY, ROBERT LOSIENIECKI, )
JESSICA DORANTES and ALEXIS )
GABRIELLE HERRICK, )
                                           )    Civil Action No.   2:19-cv-1327

Plaintiffs, )

v. )    **JURY TRIAL DEMANDED**

JANELLE MARINA MENDEZ, PAMELA )
HEAL and MILITARY SEXUAL TRAUMA )
MOVEMENT, )

Defendants. )

## COMPLAINT

Plaintiffs, Deidra Hubay, Robert Losieniecki, Jessica Dorantes and Alexis Gabrielle Herrick, by their undersigned counsel, respectfully sets forth their Complaint for Copyright Infringement against Defendants, Janelle Marina Mendez, Pamela Heal and Military Sexual Trauma Movement (the "MSTM" or "Movement"), stating as follows:

## INTRODUCTION

1.    This dispute arises from the wrongful and intentional actions of the Defendants to control the Plaintiffs and their property rights. In particular, Defendants have intentionally copied, published and distributed twenty-six (26) of Plaintiff Losieniecki's copyrighted photographs. This infringement has continued despite specific notice of Mr. Losieniecki's copyright interests. In addition, and despite specific notice of Plaintiffs' rights of privacy, Defendants have intentionally and egregiously used, and continue to use, the likenesses and

names of the Plaintiffs Hubay, Dorantes and Herrick for the benefit of the Defendants and to place these Plaintiffs in a false light.   Plaintiffs' efforts to rectify these infringements and misappropriations have been met with threats of both criminal and civil actions – which have been communicated by Defendants with the purpose and effect of causing emotional distress to the Plaintiffs.   Plaintiffs respectfully seek a full separation from the Defendants and Court-ordered protection of the Plaintiffs' property rights.

## PARTIES

2.      Plaintiff Deidra Hubay ("Plaintiff" or "Ms. Hubay") is an individual who resides at 2399 Rose Garden Road, Pittsburgh, Pennsylvania 15220.  Ms. Hubay served in the United States Marine Corp. ("USMC"), beginning in 2015, as a Single & Multichannel Transmissions Operator.  She left service honorably in 2018 as an E-4, Corporal.

3.      Plaintiff Robert Losieniecki ("Plaintiff" or "Mr. Losieniecki") is an individual who resides at 2399 Rose Garden Road, Pittsburgh, Pennsylvania 15220.  Mr. Losieniecki is married to Ms. Hubay.  Mr. Losieniecki served in the USMC, beginning in 2015, as a Radio & TRC Operator. He left service honorably in 2019 as an E-5, Sergeant, and is still currently a part of the IRR (inactive reserve).

4.      Plaintiff Jessica Dorantes ("Plaintiff" or "Ms. Dorantes") is an individual who resides at 2677 Idlebrook Circle, Midway Park, North Carolina 28544.  Ms. Dorantes served in the USMC, from 2012-2016, as an Aviation Supply Specialist and left service honorably as an E-4, Corporal.  She was associated with the Marines Aviation Logistics Squadron 16 at Miramar.

From October 2016 to the present, Ms. Dorantes is currently part of the inactive reserve as an E-5, Sergeant.

5.     Plaintiff Alexis Gabrielle Herrick ("Plaintiff" or "Ms. Herrick") is an individual who resides at 8079 Castle Rock Court, Pasadena, Maryland 21122. Ms. Herrick served in the USMC, 2008 to 2012, as an Intelligence Analyst and left the service honorably as an E-4, Corporal. She later served in the inactive reserves and left military service completely as an E-5, Sergeant.

6.     Upon information and belief, Defendant Janelle Marina Mendez ("Defendant Mendez" or "Ms. Mendez") is an individual who resides at 9K White Gate Drive, Wappingers Falls, NY 12590. Defendant Mendez is identified as the Chief Executive Officer of Defendant MSTM.

7.     Upon information and belief, Defendant Pamela Heal ("Defendant Heal" or "Ms. Heal") is an individual who resides at 4875 Boulder Way, Temecula, CA 92592. Defendant Mendez is identified as the Executive Director of Civic Engagement of Defendant MSTM

8.     Upon information and belief, Defendant Military Sexual Trauma Movement ("Defendant" or "MSTM") is a New York not-for-profit corporation, with a principal office at 9K White Gate Drive, Wappingers Falls, NY 12590 (the residence of Defendant Mendez).

## JURISDICTION AND VENUE

9.     This action arises under the Copyright Act of 1976, Title 17 U.S.C. §§ 101 *et seq.*, and, through diversity jurisdiction, we identified state law claims of breach of privacy, intentional infliction of emotional distress and declaratory judgment.

10.     This Court has federal question jurisdiction for Plaintiff Losieniecki's copyright infringement claims under 28 U.S.C. §§ 1331 and 1338(a).  This Court also has diversity and supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. §§ 1332 and 1367.

11.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391 and 1400(a) in that this is the judicial district in which Defendants can be found and where a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.   More specifically, and as set forth more fully below, (a) the Defendants have committed intentional acts and torts against the Plaintiffs, (b) Plaintiffs Hubay and Losieniecki have felt the brunt of the harm in this judicial district such that this judicial district is the focal point of the harm suffered by Plaintiffs Hubay and Losieniecki as a result of the intentional acts and torts committed by Plaintiffs, and (c) the Defendants expressly aimed their intentional acts and torts at this judicial district such that this district is the focal point of such acts and torts.

## **FACTUAL ALLEGATIONS**

12.     The MSTM is registered as a 501(c)(4) entity that focuses on lobbying elected officials on all levels of government to enact policies that protect survivors of military sexual trauma and other discriminatory policies.  The stated mission of the MSTM includes protection of "service members who have experienced Military Sexual Trauma by advocating for the implementation of the Military Sexual Trauma Victims Bill of Rights," and advocating "for MST survivors and all minority veteran groups in need."  Plaintiffs Hubay, Dorantes and Herrick became associated with the MSTM as unpaid volunteers in July of 2019, and they resigned from further association with the MSTM on September 14, 2019.

- 4 -

13.     These resignations occurred as a result of events that took place during a
scheduled trip to Washington, DC from September 10-14, 2019 (the "DC Trip").  A copy of the
event schedule from September 12-14 for the DC trip is attached hereto as Exhibit A.  Other
volunteers and supporters of the MSTM also resigned following these events.

14.     Prior to the DC Trip, Plaintiffs had not met any of the individual Defendants, or
any of the other volunteers or supporters of the MSTM.  Meetings among volunteers were
conducted via Facebook Messenger (Video calls) and Google Hangouts using a video call
feature.  The DC Trip was the first time that the parties met in person.

15.     During the DC Trip, Defendant Mendez "added" to the planned events schedule
by organizing a protest in front of the house of the Commandant of the United States Marine
Corps on September 14, 2019.  Plaintiffs Hubay and Dorantes expressed their disagreement with
this planned protest, and other volunteers within the MSTM expressed concern that such a
protest would be "dangerous."  In addition to being an unsafe location, Plaintiffs had concerns
for retaliation insofar as certain volunteers and supporters with the MSTM are either on active
duty in the military or have spouses that are on active duty.  Specifically, concern existed as to
the potential for official reprimands and possible loss of health insurance and other benefits.
Further, many of the volunteers with the MSTM that were present for the DC Trip suffer from at
least partial disability due to post traumatic stress disorder ("PTSD"), and the unplanned protest,
together with the events that took place that day, caused significant emotional distress to those
who participated.

16.     Nonetheless, Defendant Mendez proceeded with the protest and engaged in
abusive and confrontational conduct at the house of the USMC Commandant.

- 5 -

17.     Plaintiffs Hubay, Dorantes and Herrick resigned later that same day – September 14, 2019 – after this unscheduled protest was completed.

18.     In connection with their written resignation, Plaintiffs Hubay, Dorantes and Herrick each specifically stated to Defendant MSTM and its remaining members, including Defendants Mendez and Heal, that: "I withdraw my consent for any and all pictures or use of my name regarding the Movement and I decline consent for further use of my photos or name in any fashion."

19.     Plaintiff Losieniecki accompanied his wife, Plaintiff Hubay, on the DC Trip in order to support the volunteer efforts of Ms. Hubay.  Plaintiff Losieniecki did not have a recognized volunteer position with the MSTM.  During the trip, Mr. Losieniecki took numerous photographs for the personal benefit of his wife.  In particular, Mr. Losieniecki authored and took 817 photographs on September 13, 2019 and 556 photographs on September 12, 2019 (the "Losieniecki Photographs").  Photographs of the DC Trip also were taken by other volunteers with the MSTM.

20.     As described more fully below, several of the Losieniecki Photographs have been unlawfully copied, published and distributed to third parties by the Defendants without Mr. Losieniecki's permission or authorization.

21.     More specifically, and upon information and belief, Defendant Mendez, without permission or authorization from Plaintiff Losieniecki, obtained and downloaded from the SIM card for Mr. Losieniecki's camera, at least some portion of the Losieniecki Photographs. Plaintiffs do not know the extent of this copying.  In this respect, Defendant Mendez borrowed the SIM on the stated premise of wanting to see and review the photographs that had been taken,

but Defendant Mendez, at no time, asked for permission or authorization to download, copy, publish or distribute any of the Losieniecki Photographs, and no such permission or authorization was given by Mr. Losieniecki.

22.     Mr. Losieniecki is the sole author of all of the Losieniecki Photographs and of all the Losieniecki Photographs located on the aforementioned SIM card.

23.     Subsequent to the resignation by Plaintiffs Hubay, Dorantes and Herrick, the Plaintiffs became aware that the Defendants unlawfully were publishing and distributing certain of the Losieniecki Photographs and, through certain of these photos, unlawfully using the names and likenesses of certain of the Plaintiffs without permission and to falsely convey that Plaintiffs Hubay, Dorantes and Herrick continued to have some association with the MSTM.  In particular, twenty-six (26) of the Losieniecki Photographs have been improperly and intentionally copied, published and distributed to date (the "Published Photographs").  The Published Photographs are listed in the table below together with identification of the Plaintiffs depicted in certain photographs:

**TABLE 1**

| No. | Title | Publication Date | Identified Plaintiffs | Exhibit No. |
|---|---|---|---|---|
| 1. | IMG_8504 | September 14, 2019 | Hubay | B |
| 2. | IMG_8870 | September 16, 2019 | Hubay; Dorantes | C |
| 3. | IMG_8591 | September 19, 2019 | Hubay | D |
| 4. | IMG_8430 | September 19, 2019 | Hubay | E |
| 5. | IMG_8548 | September 20, 2019 | Hubay | F |
| 6. | IMG_8586 | September 19, 2019 | Hubay | G |
| 7. | IMG_8508 | September 19, 2019 | Hubay | H |
| 8. | IMG_8433 | September 19, 2019 | Hubay | I |
| 9. | IMG_8804 | September 19, 2019 | Hubay; Dorantes | J |

| No. | Title | Publication Date | Identified Plaintiffs | Exhibit No. |
|-----|-------|------------------|-----------------------|-------------|
| 10. | IMG_9017 | September 16, 2019 | | K |
| 11. | IMG_8462 | September 16, 2019 | | L |
| 12. | IMG_8888 | September 19, 2019 | Hubay; Dorantes | M |
| 13. | IMG_8604 | September 20, 2019 | | N |
| 14. | IMG_8536 | September 20, 2019 | Hubay | O |
| 15. | IMG_8437 | September 20, 2019 | | P |
| 16. | IMG_8501 | September 20, 2019 | Hubay | Q |
| 17. | IMG_8638 | September 20, 2019 | | R |
| 18. | IMG_8816 | September 20, 2019 | Hubay; Dorantes | S |
| 19. | IMG_8752 | September 20, 2019 | Hubay | T |
| 20. | IMG_8620 | September 20, 2019 | Hubay | U |
| 21. | IMG_8708 | September 20, 2019 | | V |
| 22. | IMG_8688 | September 20, 2019 | Hubay | W |
| 23. | IMG_8645 | September 20, 2019 | | E |
| 24. | IMG_8421 | September 20, 2019 | | Y |
| 25. | IMG_8907 | September 20, 2019 | Hubay; Dorantes | Z |
| 26. | IMG_8644 | September 20, 2019 | | AA |

24.     The Published Photographs have been posted or otherwise published in the Defendants' websites and social media sites, which are identified, at least in part, in the table set forth below, together with the associated Published Photographs and the associated Defendants who Plaintiffs assert are legally responsible for postings:

- 8 -

TABLE 2

| Published Location | Abbreviation | Published Photographs[1] | Responsible Defendants | Exhibit |
|---|---|---|---|---|
| MSTM Website https://www.endmst.org/ (cover slideshow) | MSTM-WEB | 8504, 8591, 8708, 8870 | All | GGG |
| Defendant Mendez's personal Instagram > inside the story titled "Fight" @janelle_mendez | JMM-INSTA-FIGHT | 8870, 8591, 8508, 8433, 8804 | Mendez, MSTM | HHH |
| Defendant Mendez's personal Instagram @janelle_mendez | JMM-INSTA | 8504, 8870, 8430, 8548, 8586 | Mendez, MSTM | III |
| Defendant Mendez political candidate Facebook page | JMM-FB-PC | 8870, 8591, 8430, 8856, 8504 | Mendez, MSTM | JJJ |
| Defendant Mendez personal Facebook page, including her album "#MSTMTakesDC | JMM-FB-PER | 8504, 8870, 8548, 8586, 8433, 9017, 8462, 8645, 8644 | Mendez, MSTM | KKK |
| MSTM Official Instagram @militarysexualtrauma | MSTM-INSTA | 8604 | All | LLL |
| MSTM official Instagram > inside the story titled "Washington DC" @militarysexualtrauma | MSTM-INSTA-DC | 8504, 8870, 8591, 8430, 8433, 8508, 8586 | All | MMM |

---

[1] The Exhibits identified with the Published Photographs in Table 1 also include the corresponding copies of these photographs as published by the Defendants in the identified locations.

| Published Location | Abbreviation | Published Photographs[1] | Responsible Defendants | Exhibit |
|---|---|---|---|---|
| Defendant Heal's personal Facebook album titled "#MSTMTakesDC" | PH-FB-ALBM | 8591, 8430, 8548, 8804, 8888, 8604, 8536, 8437, 8501, 8638, 8816, 8620, 8708, 8688, 8645, 8421, 8907, 8508, | All | NNN |
| MSTM Official Facebook Page | MSTM-FB | 8508 | All | OOO |
| Defendant Heal's personal Instagram at "#endMST" story and on regular page @therealpamelaheal | PH-INSTA | 8816 | All | PPP |
| Defendant Heal's personal Facebook page outside of PH-FB-ALBM @therealpamelaheal | PH-FB | 8421 | All | QQQ |
| Defendant Mendez's personal Facebook cover photo | JMM-FB-CVR | 8870 | Mendez, MSTM | RRR |
| Defendant Heal's personal Facebook Cover Photo | PH-FB-CVR | 8888 | All | SSS |
| Email sent by Defendant Mendez from MSTM with noted photographs and asking people to buy tickets for "next year's event." | MSTM-EMAIL | 8504, 8870, 8804, 8548 | All | TTT |

25.    In addtion, certain of the Published Photographs were distributed to third parties

or have been republished by third parties from Defendants' social media sites, as follows: :

     a.     Defendant Heal provided IMG_8870 and IMG_8508 for use with the article published at: https://connectingvets.radio.com/articles/pamela-heal-military-sexual-trauma-movement?fbclid=IwAR3-UW2pR_kSXQUoZiNocA-YPdXCmHCqZK9JNppUxpFeAOSSLdm_L66IJPY ("PH-STORY") (Exhibit BB hereto); and

     b.     Lisa Nolasco, a supporter of the MSTM, re-posted IMG_9017 and IMG_8462 from Defendant Mendez's personal Instagram page ("MM-INSTA") (Exhibit CC hereto).

26.     Further, despite the specific request by the Plaintiffs that the MSTM no longer use any of their likenesses and names, the Defendants have continued to use prior photographs, likenesses and signatures of the Plaintiffs to create the false impression that the Plaintiffs remain associated with the MSTM, as follows:

**TABLE 3**

| No. | Title | Published Location | Identified Plaintiffs | Exhibit No. |
|-----|-------|--------------------|-----------------------|-------------|
| 1. | IMG-01 | JMM-INSTA-FIGHT | Hubay | EE |
| 2. | IMG_02 | MSTM's Official Twitter @MSTMovement | Hubay | FF |
| 3. | IMG_03 | Defendant Mendez's Personal Twitter @janelle_marina | Hubay | GG |
| 4. | McSally Letter | MSTM-WEB EndMST.org/mcsally | Hubay; Dorantes | HH |
| 5. | IMG_04 | MSTM-INSTA | Dorantes | II |
| 6. | IMG_05 | JMM-INSTA-FIGHT | Hubay | JJ |

| No. | Title | Published Location | Identified Plaintiffs | Exhibit No. |
|-----|-------|--------------------|-----------------------|-------------|
| 7. | VID_2 | PH-INSTA | Hubay | KK[2] |
| 8. | Commandant Request | MSTM-WEB EndMST.org/request_usmc | Hubay | LL |
| 9. | IMG_06 | MSTM-INSTA | Hubay | MM |
| 10. | Screenshot of McSally Letter (use of signatures) | JMM-INSTA-FIGHT | Hubay; Dorantes | NN |
| 11. | VID-03 | PH-INSTA | Hubay | OO |
| 12. | IMG_07 | MSTM-INSTA | Hubay | PP |
| 13. | TGD_1 | JMM-INSTA-FIGHT | Hubay | QQ |
| 14. | IMG_08 | MSTM-INSTA / PH-INSTA | Hubay | RR/OO |
| 15. | VID_04 | MSTM-INSTA / PH-INSTA | Hubay; Dorantes | SS/OO |
| 16. | TGD_02 | JMM-INSTA-FIGHT | Hubay | TT |
| 17. | IMG_09 | JMM-INSTA-FIGHT | Hubay | UU |
| 18. | VID_05 | PH-INSTA | Hubay; Dorantes | VV |
| 19. | IMG_10 | MSTM-INSTA / PH-STORY | Dorantes | WW/BB |
| 20. | IMG_11 | PH-INSTA | Hubay; Dorantes | XX |
| 21. | IMG_12 | MSTM-INSTA | Hubay | YY |
| 22. | IMG_13 | PH-INSTA | Dorantes | ZZ |
| 23. | IMG_14 | MSTM-INSTA | Hubay | AAA |
| 24. | VID_06 | PH-INSTA | Hubay | BBB |
| 25. | IMG_16 | MSTM-INSTA / MM-INSTA | Hubay; Dorantes | CCC/CC |
| 26. | VID_07 | PH-INSTA | Dorantes | DDD |
| 27. | IMG_17 | MSTM-INSTA / MM-INSTA | Hubay; Dorantes | EEE/CC |
| 28. | VID_08 | PH-INSTA | Dorantes | FFF |

---

[2] The attached Exhibits for VID_2 – VID_8 show a screen shot of the initial frame show in the the respective video; the likeness and/or name of the Identified Plaintiffs are shown in the video.

27.     In addition, the Defendants also possess other photographs, videos, images, likenesses and signatures of the Plaintiffs, and the Defendants do not have any permission or authorization to use of any these likenesses or names in association with the MSTM.

28.     At no time did Mr. Losieniecki give any permission, authorization or approval to the Defendants to copy, publish or distribute his photographs in any manner.  No written agreement exists whereby Mr. Losieniecki transferred his copyright interests in the photographs to the MSTM or any of the Defendants.  Likewise, no written agreement exists whereby Mr. Losieniecki granted any license in his copyright interests in the photographs to any of the Defendants.

29.     When Mr. Losieniecki first saw, on September 16, 2019, that Defendants posted one of his photos (IMG_8870), he commented within two (2) hours of the post that he owned the rights to the photograph and that he requested removal.

30.     Similarly, Plaintiffs Hubay, Dorantes and Herrick have at no time signed any written agreement providing the Defendants with the right to use any of their names and likenesses from any source.  To the extent that such permission might be implied or inferred as an indefinite oral consent during the association of these Plaintiffs with the MSTM, Plaintiffs Hubay, Dorantes and Herrick and exercised their rights to terminate any such implied consent at will and specifically informed the Defendants, after the Plaintiffs' resignation from the MSTM, that the Defendants had and have no rights to use the names and likenesses of the Plaintiffs.

31.     The Plaintiffs confirmed the lack of any rights by the Defendants to Mr. Losieniecki's copyrights and/or to the names and likenesses of Plaintiffs Hubay, Dorantes and Herrick by posting comments on the Defendants' social media sites where the Published

Photographs and the associated names and likenesses of Plaintiffs Hubay, Dorantes and Herrick were being posted without permission.

32.     In response to the notices by Plaintiffs as to the Defendants' lack of rights and authorization to use the Losieniecki Photographs and/or the names and likenesses of Plaintiffs Hubay, Dorantes and Herrick, the Defendants responded by (i) deleting the posts of the Plaintiffs, and (ii) sending several communications to the Plaintiffs asserting that permission and authorization somehow had been provided and, further, that the Plaintiffs' postings as to the lack of rights on the part of the Defendants were libelous and slanderous.

33.     In addition, in communications directed to the Plaintiffs in their home states, Defendants, in letters and emails authored primarily by Defendant Mendez and a statement from Defendant Heal, have threatened both civil and criminal legal action for, *inter alia*, alleged defamation, interference with contractual relations, violations of an incomplete and unsigned "Employee/Volunteer Policy Handbook" and misappropriation of confidential and personally identifiable information.

34.     Further, Defendants have conveyed shifting, inconsistent, and perjurious "stories" as to how their wrongful conduct was and is somehow justified based, *inter alia*, on false statements and unsigned documents.

35.     At the same time, and even after a communication from counsel for the Plaintiffs explaining and outlining the copyright interests of Mr. Losieniecki and the rights of privacy of all Plaintiffs, Defendants have taken no action to take down their postings of Mr. Losieniecki's Published Photographs.  Likewise, the Defendants have taken no action to take down or stop their use of the names and likenesses of Plaintiffs Hubay, Dorantes and Herrick.

36.    Indeed, in addition to continued posting and posting of Mr. Losieniecki's Published Photographs, Defendants continue to make reference to Plaintiffs Hubay, Dorantes and Herrick, through the MSTM website and other social media postings, in a manner to convey that these Plaintiffs are still associated with the MSTM.

37.    Defendants' wrongful conduct toward Plaintiffs has been intentional and egregious. Defendants have received and ignored numerous written communications asserting Mr. Losieniecki's sole ownership of and copyright interests in the Losieniecki Photographs and the Plaintiffs' rights of privacy. Further, Defendants have been specifically informed that they should NOT make any use of the likenesses or names of the Plaintiffs in connection with the MSTM. The Defendants' response has been threatened legal action and, in the view of the Plaintiffs, bully and extortion tactics specifically intended to cause emotional distress.

38.    Plaintiffs during their association with the Movement that Defendant Mendez specifically recruited volunteers who are considered full or partially disabled by the Veterans Administration ("VA") – because she could leverage the status of disabled women veterans in pursuing grant money from the United States. In this context, Plaintiffs have all been rated as fully or partially disabled by the VA, including diagnoses of PTSD for Plaintiffs Hubay, Dorantes and Herrick. Defendant Mendez sought full disclosure from the Plaintiffs as to the nature of their disabilities and, along with other members of the MSTM, including Defendant Heal, possesses detailed knowledge of Plaintiff's disabilities and emotional states.

39.    In addition, Plaintiff Losieniecki also is rated with a depressive disorder disability, including anxiety, from the VA, and Defendants were and are aware of this disability.

40.     Defendant Mendez, in particular, has used this knowledge, together with her position of authority within the MSTM to direct threats toward the Plaintiffs with the specific intention of causing anxiety and emotional distress and in order for Defendant Mendez to remain in control of the MSTM and potential funding for same.  As detailed more fully below, Plaintiffs have, in fact, suffered emotional distress as a direct and proximate result of the Defendants' action.

41.     The focal point of the harm suffered by the Plaintiffs is predominantly in this judicial district.  In particular:

    a.      Copyright infringement is particularly personal to the author of the copyrighted works.  Mr. Losieniecki lives is in this judicial district, and the Defendants have expressly aimed their unauthorized acts of copyright infringement at this judicial district such that this judicial district is the focal point of all of the alleged copyright infringement activity.

    b.      Defendants have directed numerous communications to Plaintiff Hubay within this judicial district – again threatening both civil and criminal actions as a result of her resignation and subsequent efforts to protect her name and likeness.  The actions of the Defendants in this respect have included review of Plaintiff Hubay's own social media and a "stalking" of her activities with other organizations.

    c.      Defendants' invasion of the Plaintiffs' rights of privacy have been directed toward their respective home states, with Plaintiff Hubay having the most significant presence on the photographs, other images and signatures that the Defendants continue to use in association with the MSTM.

d.    Defendants' intentional infliction of emotional distress also has been knowingly directed to where the Plaintiffs reside.

42.    Defendants Mendez and Heal are individually liable for the wrongful and intentional acts set forth in the Counts below because they have, without permission or authorization: (a) copied and posted the Published Photographs on their personal social media sites, and (b) used the likenesses and names of Plaintiffs Hubay, Dorantes and Herrick on the personal social media sites of Defendants Mendez and Heal.  Defendants Mendez and Heal also are personally liable for participating in all tortious conduct by MSTM.

## COUNT I

### Copyright Infringement

### Plaintiff Losieniecki vs. All Defendants

43.    The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

44.    The Losieniecki Photographs were a creation of Plaintiff Losieniecki, and the Losieniecki Photographs are, and at all relevant times were, owned exclusively by Plaintiff.

45.    Plaintiff Losieniecki applied for a United States Copyright Registration covering the Published Photographs within thirty (30) days of learning of Defendants' infringement of one of the Published Photographs, and he received U.S. Copyright Registration No. VA0002173194 with a Group Title of "DC 2019" (Exhibit DD hereto).

46.    Defendant had misappropriated the Published Photographs by direct copying, publication and distribution as set above in Paragraphs 23-25 and shown in Tables 1 and 2 and the associated Exhibits to this Complaint.

47.    Defendants had access to the Published Photographs as described above in Paragraph 21, and Defendant Mendez's surreptitiously copied at least some portion of the photographs contained in the SIM card to Plaintiff Losieniecki's camera.

48.    Defendant infringed Plaintiff Losieniecki's copyright by displaying the Published Photographs in the manner identified in Paragraphs 23-25 of this Complaint without Plaintiff Losieniecki's authorization and continuing to display the Published Photographs subsequent to receiving notice of his rights in and to the Subject Photograph.

49.    Defendants have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard for Plaintiff Losieniecki's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement (that is, per each of the Published Photographs at a minimum).

50.    Defendant infringed Plaintiff Losieniecki's copyright by displaying the Subject Photograph on the Subject Website without Plaintiff Losieniecki's authorization and subsequent to receiving notice of Plaintiff's rights in and to the Subject Photograph.

51.    Due to Defendants' acts of infringement, Plaintiff Losieniecki has suffered substantial damages in an amount to be established at trial.

52.    Due to Defendants' acts of infringement, Plaintiff Losieniecki has suffered general and special damages in an amount to be established at trial.

53.    Due to Defendants' acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect fundraising and other financial benefits and profits they would

not otherwise have realized but for their infringement of the Published Photographs. As such, Plaintiff Losieniecki is entitled to disgorgement of Defendant's profits and/or financial benefits directly and indirectly attributable to Defendants' infringement of the Published Photographs in an amount to be established at trial.

54.     Defendant has committed acts of copyright infringement, as alleged above, which were and are willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement per individual photograph.   Within the time permitted by law, Plaintiff Losieniecki will make his election between actual damages and statutory damages.

## <u>COUNT II</u>

### <u>Invasion of Privacy – Misappropriation of Name and Likeness</u>
#### <u>Plaintiffs Hubay and Dorantes vs. All Defendants</u>

55.     The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

56.     Defendants have misappropriated for their own use or personal benefit the name and/or likeness of Plaintiffs Hubay and Dorantes as set forth in Paragraphs 23-25 above and shown in Tables 1 and 3 and the associated Exhibits to the Complaint.

57.     Defendants have misappropriated the names and/or likeness of name and/or likeness of Plaintiffs Hubay and Dorantes without their authorization and subsequent to receiving notice of Plaintiff's rights in and to the Subject Photograph.

58.     Due to Defendants' acts of misappropriation, Plaintiffs Hubay and Dorantes have suffered substantial damages in an amount to be established at trial.

59.     Due to Defendants' acts of misappropriation, Plaintiffs Hubay and Dorantes have suffered general and special damages in an amount to be established at trial.

60.     Defendants' acts of misappropriation were and are intentional, malicious and outrageous to justify an award of punitive damages.

<u>**COUNT III**</u>

<u>**Invasion of Privacy – False Light**</u>

<u>**Plaintiffs Hubay, Dorantes and Losieniecki vs. All Defendants**</u>

61.     The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

62.     Defendants have invaded the privacy of Plaintiffs Hubay, Dorantes and Losieniecki and placed them in a false light by continuing to use their likenesses, images and names in association with the MSTM, as set forth more fully in Paragraphs 26-28 and as shown in Tables 1 and 3 and the associated Exhibits to the Complaint.  More directly, Defendants are falsely conveying this continued association to the public.

63.     The false light in which Plaintiffs Hubay, Dorantes and Losieniecki were and are placed is highly offensive to a reasonable person as these Plaintiffs are conveyed as being associated with the protest that took place on September 14 and the other offensive actions of the Defendants.

64.     Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiffs would be placed.

- 20 -

65.     Due to Defendants' acts of misappropriation, Plaintiffs Hubay, Dorantes and Losieniecki have suffered substantial damages in an amount to be established at trial.

66.     Due to Defendants' acts of misappropriation, Plaintiffs Hubay, Dorantes and Losieniecki have suffered general and special damages in an amount to be established at trial.

67.     Defendants' acts of misappropriation were and are intentional, malicious and outrageous to justify an award of punitive damages.

## COUNT IV

### Declaratory Judgment

### All Plaintiffs vs. All Defendants

68.     The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

69.     Defendants have asserted and continue to assert that they own and/or have rights to use and publish the Losieniecki Photographs and the names and likenesses of the Plaintiffs.

70.     Plaintiffs deny that Defendants possess any such, and a justiciable case and controversy exists between the parties.

71.     Plaintiffs respectfully request a declaratory judgment that Defendants do not own and/or have any rights to use and publish the Losieniecki Photographs and the names and likenesses of the Plaintiffs.

72.     Plaintiffs further respectfully request that this Court enter an Order directing the Defendants to delete from any websites or social media and otherwise destroy and/or return all versions of the Losieniecki Photographs and the names, signatures (electronic or otherwise), images, videos, photographs and likenesses of the Plaintiffs.

73.     Due to Defendants' acts of infringement and misappropriation, Plaintiffs Hubay, Dorante and Losieniecki have suffered substantial damages in an amount to be established at trial.

74.     Due to Defendants' acts of infringement and misappropriation, Plaintiffs Hubay, Dorante and Losieniecki have suffered general and special damages in an amount to be established at trial.

75.     Defendants' acts of infringement and misappropriation were and are intentional, malicious and outrageous to justify an award of punitive damages.

## COUNT IV

### Intentional Infliction of Emotional Distress

### All Plaintiffs vs. All Defendants

76.     The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

77.     Defendants' continuing actions in threatening Plaintiffs with criminal and civil liability because of Plaintiffs' assertion of their respective copyrights interests and rights of privacy were committed intentionally and recklessly and Defendants' related actions and communications are extreme and outrageous.

78.     In particular, Defendants knew of Plaintiffs' disabilities, including PTSD, and related vulnerabilities, and Defendants knowingly have sought to prey upon these vulnerabilities through a continuing pattern of conduct.  Further, Defendant Mendez was in a position of power with respect to Plaintiffs Hubay, Dorantes and Herrick.

- 22 -

79.     Plaintiffs have suffered emotional distress as a direct and proximate result of Defendants' actions, and Defendants' actions are the direct cause of such distress.

80.     Plaintiffs' distress is evidenced by, *inter alia*, (i) negative impacts on the ability of the Plaintiffs to function at home, work and school, (ii) anxiety, (iii) depression, (iv) inability to focus and concentrate, (v) inability to sleep and/or eat, and (vi) and disassociation from reality

81.     Due to Defendants' wrongful acts, Plaintiffs have suffered substantial damages in an amount to be established at trial.

82.     Due to Defendants' wrongful acts, Plaintiffs have suffered general and special damages in an amount to be established at trial.

83.     Defendants' wrongful acts were and are intentional, malicious and outrageous to justify an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

a.     That Defendants, their agents and employees be enjoined from infringing Plaintiff Losieniecki's copyrights in any manner, specifically those for the Published Photographs;

b.     That Plaintiff Losieniecki be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.* for each separate infringement of each photograph of the Published Photographs;

c.     That Plaintiff Losieniecki be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

      d.     That Defendants account to Plaintiff Losieniecki for its profits and any damages sustained by Plaintiff Losieniecki arising from the foregoing acts of infringement;

      e.     That the Plaintiffs be awarded compensatory damages against the Defendants jointly and severally in such amount as shall be determined at trial that Plaintiffs have sustained as a consequence of Defendants' other wrongful conduct;

      f.     That the Plaintiffs be awarded punitive damages against Defendants jointly and severally;

      g.     That a declaratory judgment be awarded that Defendants do not own and/or have any rights to use and publish the Losieniecki Photographs and the names and likenesses of the Plaintiffs;

      h.     That an Order be entered directing the Defendants to delete from any websites or social media and otherwise destroy and/or return all versions of the Losieniecki Photographs and the names, signatures (electronic or otherwise), images, videos, photographs and likenesses of the Plaintiffs;

      i.     That Plaintiffs be awarded the costs of this action; and

      j.     That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

**A JURY TRIAL IS DEMANDED**

Date:   October 16, 2019

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

By: */s/ David G. Oberdick*

David G. Oberdick, Esquire
Pa. I.D. No. 47648
Email:  dgo@muslaw.com

Katelin J. Montgomery, Esquire
Pa. I.D.  No. 3226988
Email:  kjm@muslaw.com

*ATTORNEYS FOR PLAINTIFFS*