IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X Civil Action No.: 2:19-cv-1327
DEIDRA HUBAY, ROBERT LOSIENIECKI,
JESSICA DORANTES and
ALEXIS GABRIELLE HERRICK,

                Plaintiff,

vs.

JANELLE MARINA MENDEZ, PAMELA HEAL
and MILITARY SEXUAL TRAUMA MOVEMENT,
---------------------------------------------------------------X

## REPLY AFFIRMATION OF ROBERT G. ANDROSIGLIO, ESQ.

**ROBERT G. ANDROSIGLIO**, an attorney admitted to practice before this Court, affirms the following under penalty of perjury:

1. I am a partner with the Law Offices of Robert G. Androsiglio, P.C., attorneys for the defendants, and as such, am fully familiar with the facts and circumstances of the within action based upon my review of the file maintained in this office.

2. I submit this affirmation in reply to plaintiff's opposition to defendants' Motion for an Order pursuant to FRCP § 55(C) setting aside the clerk's entry of default, extending defendants time to serve an Answer to plaintiffs' Summons and Complaint and compelling plaintiffs to accept defendants' Answer.

3. Plaintiffs in their opposition to defendants' motion claim the motion should be denied since the moving papers fail to annex an answer and further fail to state whether defendants are prepared to file an answer.

4. Plaintiffs' fail to site any case law or statute that this requirement is necessary for the vacating of a clerk's default. It would seem obvious that if defendants moved to vacate the default they are ready to file and serve an answer to the complaint. In fact defendants are ready to file an answer immediately if the Court grants their application. Annexed hereto and designated as Exhibit "A" is a copy of the proposed Answer.

5. Plaintiffs' also claim that defendants failed to raise a meritorious defense. This

argument is incorrect and should be rejected by the Court.

6. As pointed out in defendants' moving papers, Plaintiff Losieniecki was a participant of the trip and was an official volunteer as of August 2019. Plaintiff Losieniecki was provided staff lodging at MSTM's expense for his services. In addition he was paid for his SIM cards.

7. The "Work Made for Hire Doctrine" maintains that an employer will own all exclusive rights to the work made by employees. The Copyright Act defined the word "author" as including "an employer in the case of works made for hire." Under the Copyright Act, an employer may claim to be the "author" of a work under one of two situations as follows: 1) the work is prepared by an employee within the scope of the employee's employment; or 2) an independent contractor and employer agree in writing that the work created by the independent contractor shall be considered a "work made for hire."

8. As in the case with the defendant corporation which is 100% volunteer-led not for profit organization, any volunteer is considered an employee under the U.S. Copyright Employment Law. Therefore, the volunteer is an employee and as a result there is a presumption that the employer owns the copyright.

9. Based upon the aforementioned it is clear that the defendants have a meritorious defense that plaintiffs were employees and as a result ownership of the copyright rest with the defendants.

10. Plaintiff also claims in their opposition that any consent to use the pictures was rescinded and attempts to base its argument that the consent follows the theory of contract law. However, this argument is specious. A consent to use ones likeness does not equate to a contract between the parties. As a result plaintiff's claims fail and defendants have established that a meritorious defense to plaintiffs' claims.

11. Furthermore, as fully explained in defendants' moving papers, a meritorious defense exists since defendants filed for the copyright before the plaintiffs and that plaintiffs have committed copyright fraud.

12. Plaintiffs also attempt to raise an argument that they would be prejudiced if the default was vacated and points to Exhibits 5, 6 and 8 of their moving papers.

13. A close reading of these exhibits clearly shows they are not plaintiff is trying to portray in their opposition. Exhibit 5 in no way attacks the plaintiff and is it clear from reading the exhibit that it explains the cause of the company and the work it is doing on behalf of women who experienced sexual trauma in the military. Likewise with the remaining exhibits. In no way do they attack the plaintiffs. Therefore, plaintiffs' claim of prejudice is unfounded.

14. Furthermore, plaintiffs have been running a nonstop campaign to disparage the defendants.

15. The Plaintiffs were first to publish details of the lawsuit publically in various Facebook community groups as well as direct messaging defendants' volunteers to discuss the lawsuit. Also, plaintiffs' have hacked defendants' Wikipedia page. The hacks were traced to plaintiff's Hubay IP address. Annexed hereto and designate as Exhibit "B" are copies of plaintiff's Facebook page attaching the defendants.

16. Based upon plaintiffs' actions it is the defendants who are being prejudiced by their actions of the plaintiffs and not the other way around.

17. Based upon the foregoing along with defendants moving papers it is respectfully requested that the Court grant an Order pursuant to FRCP § 55(C) setting aside the clerk's entry of default, extending defendants time to serve an Answer to plaintiffs' Summons and Complaint and compelling plaintiffs to accept defendants' Answer.

**WHEREFORE**, it is respectfully requested that defendants' motion be granted together with such other and further relief the Court deems just and proper.

Dated: New York, New York
January 17, 2020

ROBERT G. ANDROSIGLIO, ESQ.

## CERTIFICATE OF SERVICE

I, **Robert G. Androsiglio**, attorney for the Defendants, certify that on January 17, 2020, I served the **REPLY AFFIRMATION AND EXHIBITS**, via CM/EF only, by uploading a true copy of same to the Court's Website for dissemination upon Plaintiffs' counsel namely:

>MEYER, UNKOVIC & SCOTT LLP
>535 Smith Street, Suite 1300
>Pittsburgh, Pennsylvania 15222

>THE LAW OFFICES OF
>ROBERT G. ANDROSIGLIO, P.C.
>
>By: _____
>Robert G. Androsiglio, Esq.
>Bar No.: 2386035
>Attorneys for Defendants
>30 Wall Street, 8th Floor
>New York, New York 10005-2205
>(212) 742-0001

Civil Action No,: 2:19-cv-1327

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEIDRA HUBAY, ROBERT LOSIENIECKI,
JESSICA DORANTES and ALEX GABRIELLE HERRICK,

           Plaintiffs,

- against -

JANELLE MARINA MENDEZ, PAMELA HEAL
and MILITARY SEXUAL TRAUMA MOVEMENT,

           Defendants.

## REPLY AFFIRMATION and SUPPORTING EXHIBITS

THE LAW OFFICES OF
ROBERT G. ANDROSIGLIO, P.C.
Attorneys for *Defendants*
30 Wall Street
8th Floor
New York, New York 10005-2205
(212) 742-0001

To:

*Attorney(s) for*

Service of a copy of the within is hereby admitted.
Dated:

                    *Attorney(s) for*

PLEASE TAKE NOTICE

[ ]    that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on 20

[ ]    that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at  on  , 20  , at  .m.

Dated:

                    The Law Offices of
                    Robert G. Androsiglio, P.C.
                    Attorneys for *Defendant*s
                    30 Wall Street - 8th Floor
                    New York, New York 10005-2205
                    (212) 742-0001

To:
Attorney(s) for