# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEIDRA HUBAY, *et al.* | ) |
| Plaintiff, | ) ) ) 2:19-cv-01327-NR |
| vs. | ) ) ) |
| JANELLE MARINA MENDEZ, *et al.* | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Defendants Janelle Marina Mendez, Pamela Heal, and the Military Sexual Trauma Movement move to vacate the defaults against them. [ECF No. 17; No. 8; No. 12]. For the following reasons, the Court will grant their motion.

## I. BACKGROUND

Plaintiffs Deirdra Hubay, Robert Losieniecki, Jessica Dorantes, and Alexis Gabrielle Herrick filed this lawsuit on October 17, 2019. [ECF No. 1]. Plaintiffs are former volunteers for the Military Sexual Trauma Movement, a non-profit organization that lobbies government officials for "policies to protect survivors of military sexual trauma and other discriminatory policies." *Id.* at ¶ 12. Plaintiffs resigned from the group based on their disagreement with its tactics. *Id.* at ¶ 13. Now, they allege that Defendants violated copyright law, invaded their privacy, and inflicted emotional distress by using their photographs, names, and likenesses to promote the group after they had revoked any consent for Defendants to do so. *Id.* at ¶¶ 43 – 83.

Plaintiffs served Defendants Mendez and the Military Sexual Trauma Movement with the complaint and summons on October 29, 2019. [ECF No. 5]. Plaintiffs then served Defendant Heal on November 11, 2019. [ECF No. 7]. Despite being served, Defendants did not answer the complaint within the 21 days required by Fed. R. Civ. P. 12(a)(1)(A). Plaintiffs thus requested that the Clerk of Court enter default against Ms. Mendez and the Military Sexual Trauma Movement on November 21, 2019 [ECF No. 6], and against Ms. Heal on December 4, 2019. [ECF No. 11]. The Clerk did so on November 22, 2019 and December 5, 2019, respectively. [ECF No. 8; No. 12].

Counsel for Defendants moved for *pro hac vice* admission on December 10, 2019, which the Court granted the next day. [ECF No. 15; No. 16]. Defendants then moved to vacate the Clerk's entries of default on January 2,

2020. [ECF No. 17]. Defendants have not yet answered the complaint, but have provided the "Proposed Answer" they intend to file. [ECF No. 22-1].

## II. DISCUSSION & ANALYSIS

This Circuit has a "well-established policy of disfavoring default judgments and encouraging decisions on the merits." *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (internals omitted). Additionally, "[a] party is not entitled to a default judgment as of right." *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015). Thus, the decision to vacate an entry of default (or not) is largely left to the Court's discretion. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988); *Small*, 307 F.R.D. at 433.

That said, the mere filing of a motion does not automatically justify vacating an otherwise valid entry of default. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 196 (3d Cir. 1984). Before doing so, the Court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default resulted from the defendant's culpable conduct. *Id.* at 195. The Court may also consider the "effectiveness of alternative sanctions." *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011).

Here, the Court will set aside the entries of default for three reasons:

**Prejudice.** First, Plaintiffs would not be uniquely prejudiced if the Court sets the default aside. In this context, "the costs associated with continued litigation normally cannot constitute prejudice." *Sourcecorp Inc.*, 412 F. App'x at 459 (internals omitted); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[D]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding.").

Aside from the normal burdens imposed by vacating any default, the Court discerns no serious prejudice that Plaintiffs would face. Plaintiffs' concern that Defendants "took advantage of the delay" to make disparaging posts on social media is not prejudicial, at least in this context. [ECF No. 20 at p. 5]. Prejudice here occurs if a plaintiff's claim is materially impaired by delay, such as through the loss of evidence. *See Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147–48 (E.D. Pa. 2001) ("[T]he prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors."). There's only been a few months of delay here, and no showing that those few months impaired Plaintiffs' ability to prove their case.

2

**Meritorious Defense.** Second, Defendants have presented defenses that are meritorious enough to avoid default. It's true that the Court need not "engage in the futile exercise" of vacating a default when there is "no potential defense." *Sourcecorp Inc.*, 412 F. App'x at 460. But this standard is very low. *See, e.g., id.* ("[T]he Croneys' presentation of potential defenses is thin at best. … Nonetheless, we think the Croneys' assertions that individual transfers of money were not fraudulent, but rather reasonable payments for services actually rendered, are—barely—sufficient[.]").

Defendants argue that they have a meritorious defense because Plaintiffs "sold" the photos in question to Defendants knowing that they "were going to upload the photos" to their website and social media. [ECF No. 17-1 at ¶ 28]. Defendants also say that Plaintiffs signed consent forms. *Id.* at ¶ 31. While the scope and merit of these defenses will turn on discovery, or perhaps the admissions in Defendants' answer, they are not facially meritless. Plaintiffs' legal and factual objections to those defenses, based largely on what they say are "admitted facts," may well prevail. [ECF No. 20 at pp. 2 – 5]. But those issues are better adjudicated through a motion for summary judgment or judgment on the pleadings after Defendants have indeed "admitted facts," or after the record evidence has established certain facts as undisputed. That Plaintiffs believe the Court can swiftly resolve this case based only on Defendants' admissions or limited discovery favors resolution on the merits.

**Culpable Conduct.** Third, Defendants' failure to answer was not clearly the result of "culpable" conduct. "[T]he standard for culpable conduct in this Circuit is the willfulness or bad faith of a non-responding defendant." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984) (internals omitted). Here, while Defendants should have timely answered the complaint, and while Plaintiffs were well-within their rights to request a default, the Court sees no indication that Defendants sought to prolong or obstruct these proceedings. The Court credits defense counsel's sworn representation that Defendants were delayed in obtaining counsel because of their limited resources, and that counsel was attempting in good faith to settle the case behind the scenes to avoid further litigation. [ECF No. 17-1]. While not strictly excusable, this explanation is enough to justify vacating the default.

### III.  ORDER

**AND NOW,** this 31st day of January, 2020, upon consideration of Defendants' motion to vacate the Clerk's entries of default and for the reasons stated above, it is hereby **ORDERED** that Defendants' motion is **GRANTED**.

The Court thus vacates the Clerk's entries of default [ECF No. 8; No. 12]. Defendants shall answer the complaint by **February 4, 2020**, and the

3

upcoming default judgment hearing will now be an initial case management conference.

DATE: January 31, 2020        BY THE COURT:

<p style="margin-left: 50%;"><u>/s/ <i>J. Nicholas Ranjan</i></u><br>United States District Judge</p>