IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEIDRA HUBAY, ROBERT LOSIENIECKI, JESSICA DORANTES and ALEXIS GABRIELLE HERRICK, | ) ) ) | Civil Action No.: 2:19-cv-1327 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ANSWER WITH COUNTERCLAIM** |
| JANELLE MARINA MENDEZ, PAMELA HEAL and MILITARY SEXUAL TRAUMA MOVEMENT, | ) ) ) | |
| Defendants. | ) ) | |

Defendants, Janelle Maria Mendez, Pamela Heal and Military Sexual Trauma Movement, Inc., i/s/a Military Sexual Trauma Movement (collectively "Defendants"), through their undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby respond to the Complaint filed by Plaintiffs, Deidra Hubay, Robert Losieniecki, Jessica Dorantes and Alexis Gabrielle Herrick (collectively "Plaintiffs"), states as follows:

With regard to the first unnumbered paragraph of the Complaint, Defendants admit that Plaintiffs bring this action alleging the purported copyright and other violations it references in the paragraphs and Plaintiffs seek in the Complaint the relief it references. Defendants deny any such purported violations of law as alleged and, specifically, deny any liability as stated on the part of Defendants collectively or individually. Defendants deny any and all other allegations contained in the first unnumbered paragraph that is not expressly admitted.

## INTRODUCTION

1. Defendants deny each and every allegation contained in paragraph 1 of the Complaint.

## PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis, deny each and every allegation contained in paragraph 2 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis, deny each and every allegation contained in paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis, deny each and every allegation contained in paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis, deny each and every allegation contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint as to that Defendant, Pamela Heal, resides at 4875 Boulder Way, Temecula, CA 92592, and admit the remaining allegations contained in paragraph 7 of the Complaint that Defendant, Mendez, is identified as the Executive Director of Civic Engagement of Defendant, Military Sexual Trauma Movement (hereinafter "MSTM").

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      The allegations contained in paragraph 9 of the Complaint call for a legal conclusion inappropriate for admission or denial. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint call for a legal conclusion inappropriate for admission or denial. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     The allegations contained in paragraph 11 of the Complaint call for a legal conclusion inappropriate for admission or denial. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12.     Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in paragraph 13 of the Complaint except deny that "Other volunteers and supporters of the MSTM also resigned following these events."

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and on that basis, deny each and every allegation contained in paragraph 14 of the Complaint.

15.     Defendants deny  the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny  the allegations contained in paragraph 16 of the Complaint.

17.     Defendants admit the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint except

admit that Plaintiff, Losieniecki, took numerous photographs.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and on that basis, deny each and every allegation contained in paragraph 38 of the Complaint.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and on that basis, deny each and every allegation contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraphs 41 (a) through (d) of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

## COUNT I

### Copyright Infringement

### Plaintiffs Losieniecki vs. All Defendants

43.     Answering paragraph 43 of the Complaint, Defendants incorporate their answers and responses contained in paragraphs 1 through 42 inclusive as though fully set forth herein.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and on that basis, deny each and every allegation contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

## COUNT II

### Invasion of Privacy - Misappropriation of Name and Likeness

### Plaintiffs Hubay and Dorantes vs. All Defendants

55.     Answering paragraph 55 of the Complaint, Defendants incorporate their answers and responses contained in paragraphs 1 through 54 inclusive as though fully set forth herein.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

## COUNT III

### Invasion of Privacy - False Light

### Plaintiffs Hubay, Dorantes and Losieniecki vs. All Defendants

61.     Answering paragraph 61 of the Complaint, Defendants incorporate their answers and responses contained in paragraphs 1 through 60 inclusive as though fully set forth herein.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

## COUNT IV

### Declaratory Judgment

### All Plaintiffs vs. All Defendants

68.     Answering paragraph 68 of the Complaint, Defendants incorporate their answers and responses contained in paragraphs 1 through 67 inclusive as though fully set forth herein.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

### COUNT V [sic, incorrectly numbered as Court IV]

### Intentional Infliction of Emotional Distress

### All Plaintiffs vs. All Defendants

76.     Answering paragraph 76 of the Complaint, Defendants incorporate their answers and responses contained in paragraphs 1 through 75 inclusive as though fully set forth herein.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

## PRAYER FOR RELIEF

Paragraphs a through j following paragraph 83 of the Complaint, comprised plaintiffs' Prayer for Relief and for that reason do not require a response. However, to the extent these paragraphs contain factual allegations, Defendants deny each and every allegation contained in those paragraphs; Defendants also deny any and all liability as alleged and deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses, Defendants, based on knowledge and information presently available to them, state as follows:

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### Lack of Subject Matter Jurisdiction/Failure to Satisfy Requirements of Registration

Plaintiffs' claim for copyright infringement is barred for lack of subject jurisdiction because Plaintiffs lacked valid copyright registrations for the purported intellectual property rights it asserts

- 8 -

and/or has not properly registered works.

### THIRD AFFIRMATIVE DEFENSE

### Invalidity of Copyright

Plaintiffs are not entitled to recover on their purported copyright claims because the copyrights they relied on are invalid or unenforceable.

### FOURTH AFFIRMATIVE DEFENSE

### Fair Use

Any alleged conduct by Defendants, collectively or individually, as set forth in the Complaint constitutes a fair use pursuant to applicable copyright law.

### FIFTH AFFIRMATIVE DEFENSE

### Doctrine of Merger

Any alleged conduct by Defendants, collectively or individually, related to the purported copyright works as set forth in the Complaint is not infringement as a result of the Doctrine of Merger.

### SIXTH AFFIRMATIVE DEFENSE

### Doctrine of *Scenes a Faire*

Any alleged conduct by Defendants, collectively or individually, relate to the purported copyright works as set forth in the Complaint is not infringement as a result of the Doctrine of *Scenes a Faire*. Plaintiffs' and Defendants' works include language that are indispensable and/or standard in the industry.

### SEVENTH AFFIRMATIVE DEFENSE

### Misuse of Copyright

In making a claim for copyright infringement, the Plaintiffs have filed unmeritorious and sham claims and combined with other improper conduct involving its purported copyright, including, among other things, misusing its copyright works to accomplish and in furtherance of anti-competitive purposes.

## EIGHTH AFFIRMATIVE DEFENSE

### Doctrine of Unclean Hands

By improper conduct, Plaintiffs' claims of copyright infringement are barred by the Doctrine of Unclean Hands.

## NINTH AFFIRMATIVE DEFENSE

### Statute of Limitations

Plaintiffs' copyright claims are barred by the Statute of Limitations.

## TENTH AFFIRMATIVE DEFENSE

### Fraud on the Copyright Office

Plaintiffs have engaged in fraud on the Copyright Office in that in its application for copyright registration for the works as issued in the Complaint, it intentionally made false representations that, among other things, it altered the subject work and these misrepresentations were material because in absence the registrations would not have been issued.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Entitlement to Statutory Damages

Plaintiffs are precluded for any recovery of Statutory Damages as defined in the Copyright Act.

## TWELFTH AFFIRMATIVE DEFENSE

### First Amendment

Plaintiffs' claims are barred to extent that Defendants are protected by the First Amendment of the U.S. Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Improper Venue/Forum non Conveniens

Plaintiffs Complaint lays improper venue under 28 U.S.C. § 1391 et. seq. and/or the action is subject to transfer under the Doctrine of Forum non Conveniens under 28 U.S.C. § 1404 (a) and other applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Additional Defenses

Defendants may have additional Affirmative Defenses which they are not presently aware. Accordingly, they reserve the right to supplement or amend this Answer, including the right to assert additional Affirmative Defenses or any other defense in law of in equity and that may be available in the future based upon the course or discovery, other factual investigations or proceedings in this action.

## DEFENDANTS COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs hereby assert the following Counterclaims against Plaintiffs.

## PARTIES

1.     Defendant/Counterclaim Plaintiff, Janelle Marina Mendez (hereinafter "Mendez"), is an individual who resides at 9K White Gate Drive, Wappingers Falls, NY 12590.

2.      Defendant/Counterclaim Plaintiff, Pamela Heal (hereinafter "Heal"), is an individual who resides in the State of California.

3.      Defendant/Counterclaim Plaintiff, Military Sexual Trauma Movement, Inc., (hereinafter "MSTM"), is a New York not-for-profit corporation duly organized under the laws of the State of New York with its principal place of office at 9K White Gate Drive, Wappingers Falls, NY 12590.

4.      Plaintiff/Counterclaim Defendant Deidra Hubay (hereinafter "Hubay") is an individual who resides at 2399 Rose Garden Road, Pittsburgh, PA.

5.      Plaintiff/Counterclaim Defendant Robert Losieniecki (hereinafter "Losieniecki") is an individual who resides at 2399 Rose Garden Road, Pittsburgh, PA.

6.      Plaintiff/Counterclaim Defendant Jessica Dorantes (hereinafter "Dorantes") is an individual who resides at 2677 Idlebrook Circle, Midway Park, NC.

7.      Plaintiff/Counterclaim Defendant Alexis Gabrielle Herrick (hereinafter "Herrick") is an individual who resides at 8079 Castle Rock Court, Passadena, MA.


## FACTUAL ALLEGATIONS UNDER THE COUNTERCLAIM

8.      Defendant/Counterclaim Plaintiff Mendez is a founder and CEO of Defendant/Counterclaim Plaintiff MSTM. She organized Defendant/Counterclaim Plaintiff MSTM in or about June 11, 2019, with the purpose to advocate for military sexual trauma victims.

9.      On or about August 2019, Defendant/Counterclaim Plaintiff MSTM organized an event entitled *MSTM Takes on Washington, DC.* The event was to promote awareness, lobby congressmen and senators, and, if necessary, protests to raise awareness as to the plight of women

who have suffered sexual trauma in the military.

10.    Plaintiff/Counterclaim Defendant, Losieniecki, was a participant of the trip and was an official volunteer as of August 2019. Plaintiff/Counterclaim Defendant, Losieniecki, was provided staff lodging at MSTM's expense for his services.

11.    Many volunteers were given money for services or products were provided to them in exchange for their services.

12.    In Plaintiff/Counterclaim Defendant, Losieniecki's case, his wife, Plaintiff/Counterclaim Defendant, Hubay, was paid $129.00 via Facebook cash transfer on September 13, 2019 at 6:11 for the purchase of two SIM cards that contained photos of the events and protest that took place during the movants' event in Washington, DC.    Once Co-Plaintiff/Counterclaim Defendant, Hubay, received confirmation on her cell phone of the payment, Plaintiff/Counterclaim Defendant, Losieniecki, handed Defendant/Counterclaim Plaintiff, Mendez, both SIM cards to complete the transaction.

13.    Plaintiffs/Counterclaim Defendants, Losieniecki and Hubay, sold the SIM cards with the knowledge and understanding that Defendants/Counterclaim Plaintiffs, Mendez and Heal, were going to upload the photos to Defendants/Counterclaim Plaintiff MSTM's website and social media sites.

14.    As a result of purchasing the photographs Defendants/Counterclaim Plaintiff registered the photographs with the US Copyright Office and was assigned Registration Number VA2-176-197.    Annexed hereto and designated a Exhibit "A" is a copy of the Certificate of Registration.

15.    As a requirement for attending the event, every member who attended was required

- 13 -

to sign a Consent Form for release of information and media consent. Annexed hereto and designated as Exhibit B is a sample of that form. These forms specifically stated that all images are property of Defendants/Counterclaim Plaintiff MSTM and would be shared with media outlets.

16.     Plaintiffs/Counterclaim Defendants, Losieniecki and Hubay, both signed these Consents. However, Plaintiff/Counterclaim Defendant, Hubay, as a member of the Board of Directors of MSTM, had access to all the digital files and upon Plaintiff/Counterclaim Defendant, Hubay's, resignation, she accessed those files and illegally removed her consent and other documents without authority of Defendant/Counterclaim Plaintiff MSTM or its remaining board members, Defendants/Counterclaim Plaintiffs Mendez or Heal.

17.     Because of the sensitivity of nature and the participants who were all traumatized by being sexually molested while in the military, all members and volunteers were advised that they could and were not required to attend any and all events if they felt stress and/or traumatized by participating in same.

18.     During the events scheduled in Washington, there were weekly meetings with a variety of protesting and demonstrations that would take place, including a sit-in at Senator McSally's office, a demonstration at the Russell Rotunda, a General Hilton protest in the Senate Chambers, as well as a protest at the United States Marine Corp. Commodant's home.

19.     Each time it was made clear that whomever did not want to attend, did not have to. All events were agreed to prior to attending.

20.     The day of the protest of the Commander's home, Plaintiff/Counterclaim Defendant, Hubay, texted all participants in the morning about having a leisure day and wanted to attend the monuments.

21.     Defendant/Counterclaim Plaintiff, Mendez, informed Plaintiff/Counterclaim Defendant, Hubay, that there was a scheduled demonstration at the Commodant's home which Defendant/Counterclaim Plaintiff, Heal.

22.     Plaintiffs/Counterclaim Defendants, Hubay, Dorantes and Herrick, were all assigned roles within MSTM. Plaintiff/Counterclaim Defendant, Hubay sought a greater role in the company and when she was turned down her along with Plaintiffs/Counterclaim Defendants, Losieniecki, Dorantes and Herrick coordinate a course of conduct to retaliate against Defendant/Counterclaim Plaintiffs, Mendez and Heal for their refusal to advance Plaintiff/Counterclaim Defendant, Hubay in the company.

23.     Thereafter, Plaintiffs/Counterclaim Defendants, in an attempt to thwart and harm the Defendants/Counterclaim Plaintiffs took a course of conduct including illegally copyrighting the photographs which were sold to the Defendants/Counterclaim Plaintiffs while knowing that Defendants/Counterclaim Plaintiffs already copyrighted the photographs and were the rightful owners.

24.     Thereafter, with an illegally obtained copyright of the photographs which were previously copyrighted by Defendants/Counterclaim Plaintiffs, Plaintiffs/Counterclaim Defendants took on a course of conduct to harm and injure the Defendants/Counterclaim Plaintiffs, including notifying newspapers, websites and social media accounts that the photographs being used in were illegal and against the owners' consent which was false and improper These notices, therefore, caused the photos to be taken down and hurt in the company in its attempt to fund raise.

25.     Not satisfied with hurting the company in their fund raising efforts, Plaintiffs/Counterclaim Defendants thereafter notified the numerous periodicals which were

reporting the actions of the company and falsely stating that they are owners of the copyright to the photographs and that said photographs were being illegally used while in violation of their copyright when Plaintiffs/Counterclaim Defendants knew that they did not own those photographs and the statements made to social media outlets and news reporting agencies were false and done with the intent to harm the Defendants/Counterclaim Plaintiffs.

26.     The aforementioned act perpetrated by Plaintiffs/Counterclaim Defendants were done with the intent and sole purpose to harm the Defendants/Counterclaim Plaintiffs.

27.     In fact, Plaintiffs/Counterclaim Defendants were not satisfied with merely disrupting and causing financial harm to the company. They also shared information of their lawsuit and their attacks against the Defendants/Counterclaim Plaintiffs with Anna Bourk, a known sympathizer of Marines United, also known as MU or Vice Uniform. These groups have made ongoing threats to Defendant/Counterclaim Plaintiff, Mendez, since 2018 with such threats so severe that her former employer had to hire security at the workplace for protection.

28.     Plaintiff/Counterclaim Defendant, Hubay, knew about this and intentionally shared the information with these groups so that they could further increase their attacks on Defendant/Counterclaim Plaintiffs.

29.     These actions and other actions of the Plaintiffs/Counterclaim Defendants were done with the sole intent to harm and cause damage to the Defendants/Counterclaim Plaintiffs.

## COUNTERCLAIM COUNT I

### Copyright Fraud

30.     The preceding paragraphs of the Counterclaim are hereby incorporated by reference

as though the same were fully set forth herein.

31.    The photographs owned by Defendants/Counterclaim Plaintiffs was fraudulently filed with the Copyright Office by Plaintiff/Counterclaim Defendant, Losieniecki, upon being informed that Defendants/Counterclaim Plaintiffs and said filing was performed by Plaintiff/Counterclaim Defendant, Losieniecki with the express knowledge that he did not own the rights to said photographs and that the photographs were owned exclusively by Defendants/Counterclaim Plaintiffs.

32.    Plaintiff/Counterclaim Defendant, Losieniecki, fraudulently applied for the registration after he was advised that Defendants/Counterclaim Plaintiffs had filed for registration on the photos.

33.    Plaintiff/Counterclaim Defendants then took a course of conduct to perpetrate that fraud by disseminating to social media outlets, news reporting agencies and others that the photographs were owned by him and are being used without his permission.  This alone is tantamount to copyright fraud as well as infringement on the proper counterclaim of Defendants/Counterclaim Plaintiffs.

34.    Plaintiff/Counterclaim Defendant, Losieniecki, has committed copyright fraud with actual and constructive knowledge of Defendants/Counterclaim Plaintiffs' rights of ownership to the photographs and as a result, Defendants/Counterclaim Plaintiffs are entitled to statutory damages under the Copyright Act.

35.    Due to the Plaintiff/Counterclaim Defendants' acts of copyright fraud and infringement, Defendants/Counterclaim Plaintiffs have suffered substantial damages in an amount to be established at trial.

36.     Due to the Plaintiff/Counterclaim Defendants' acts of infringement and fraud, Defendants/Counterclaim Plaintiffs have suffered general and special damages in amounts to be established at trial.

## COUNTERCLAIM COUNT II

### Intentional Infliction of Emotional Distress

37.     The preceding paragraphs of the Counterclaim are hereby incorporated by reference as though the same were fully set forth herein.

38.     Plaintiffs/Counterclaim Defendants' continuing action in threatening Defendants/Counterclaim Plaintiffs and reporting to online sites which take active roles in trying to disparage women who were sexually traumatized in the armed forces, as well as actively hurting or intentionally trying to hurt the company in it fund-raising efforts is extreme and outrageous and caused damage both physically and mentally to the Defendants/Counterclaim Plaintiffs.

39.     Defendants/Counterclaim Plaintiffs have suffered emotional distress as a direct and approximate result of the Plaintiffs/Counterclaim Defendants' actions and Plaintiffs/Counterclaim Defendants actions are direct result of such distress.

40.     Defendants/Counterclaim Plaintiffs' distress is evidenced by, *inter alia*, (I) negative impacts on the ability of the Defendants/Counterclaim Plaintiffs to function at home, work and school, (ii) anxiety, (iii) depression, (iv) inability to focus and concentrate, (v) inability to sleep and/or eat, and (vi) and disassociation from reality.

41.     Due to Plaintiffs/Counterclaim Defendants' wrongful acts, Defendants/Counterclaim Plaintiffs have suffered substantial damages in an amount to be established at trial.

42.     Due to Plaintiffs/Counterclaim Defendants' wrongful acts, Defendants/Counterclaim

Plaintiffs have suffered general and special damages in an amount to be established at trial.

43.     Plaintiffs/Counterclaim Defendants' wrongful acts were and are intentional, malicious and outrageous to justify an award of punitive damages.

## COUNTERCLAIM COUNT III

### Declaratory Judgment

44.     The preceding paragraphs of the Counterclaim are hereby incorporated by reference as though the same were fully set forth herein.

45.     Defendants/Counterclaim Plaintiffs have asserted and continue to assert that they own and/or have rights to use and publish the Losieniecki photographs.

46.     Defendants/Counterclaim Plaintiffs deny that Plaintiffs/Counterclaim Defendants possess any such, and a justiciable case and controversy exits between the parties.

47.     Defendants/Counterclaim Plaintiffs respectfully request a declaratory judgment that Plaintiffs/Counterclaim Defendants do not own and/or have any rights to use and publish the photographs and the names and likeness of the Plaintiffs/Counterclaim Defendants.

48.     Defendants/Counterclaim Plaintiffs further respectfully request that this Court enter an Order directing the Plaintiffs/Counterclaim Defendants to be permanently enjoined from dissemination any information about the Defendants/Counterclaim Plaintiffs to any website or social media and be enjoined from contacting any social media or news agency in regards to the subject photographs.

49.     Due to Plaintiffs/Counterclaim Defendants' act of infringement and copyright fraud, Defendants/Counterclaim Plaintiffs have suffered substantial damages in an amount to be established at trial.

50.     Due to Plaintiffs/Counterclaim Defendants' acts of infringement and copyright fraud, Defendants/Counterclaim Plaintiffs have suffered general and special damages in an amount to be established at trial.

51.     Plaintiffs/Counterclaim Defendants' acts of infringement and copyright fraud were and are intentional, malicious and outrageous to justify an award of punitive damages.

## COUNTERCLAIM COUNT IV

### Tortious Interference and Perspective Contractual Relationship

52.     The preceding paragraphs of the Counterclaim are hereby incorporated by reference as though the same were fully set forth herein.

53.     Defendants/Counterclaim Plaintiffs had existing contracts with potential donors and/or sponsors to the company and the Plaintiffs/Counterclaim Defendants knew of Defendants/Counterclaim Plaintiffs' contracts with said donors and contributors.

54.     By the wrongful conduct described above, Plaintiffs/Counterclaim Defendants intentionally and improperly interfered with Defendants/Counterclaim Plaintiffs' contracts with donors, volunteers and perspective contributors and did so with intent and purpose of damaging Defendants/Counterclaim Plaintiffs' business and reputation.

55.     Plaintiffs/Counterclaim Defendants interference caused Defendants/Counterclaim Plaintiffs' donor, volunteers and potential volunteers and donors confusion and to cease doing business with the Defendants/Counterclaim Plaintiffs. As a result, of Plaintiffs/Counterclaim Defendants' actions Defendants/Counterclaim Plaintiffs have and continue to be damaged in an amount to be determined at trial.

56.     Defendants/Counterclaim Plaintiffs have also suffered and continue to suffer

- 20 -

irreparable harm in the form of damage to both their individual and corporate reputation as result of the Plaintiffs/Counterclaim Defendants' conduct described herein.

57.     While     an     award     of     damages     may     be     adequate     to     compensate Defendants/Counterclaim Plaintiffs for the loss of particular donors, volunteers and all potential donors, an award of damages would not be adequate to compensate Defendants/Counterclaim Plaintiffs for the damages to their reputations caused by Plaintiffs/Counterclaim Defendants. Defendants/Counterclaim Plaintiffs have suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

## COUNTERCLAIM COUNT V

### Prima Facie Tort

58.     The preceding paragraphs of the Counterclaim are hereby incorporated by reference as though the same were fully set forth herein.

59.     Plaintiffs/Counterclaim     Defendants     actively     sought     out     to     stop Defendants/Counterclaim Plaintiffs from obtaining additional volunteers and donors on their social media and web sites and Plaintiffs/Counterclaim Defendants filed a frivolous, false and fraudulent copyright to support their false claims that they owned the pictures which were being used illegally by the Plaintiffs/Counterclaim Defendants with the specific intent and desire to injure the Defendants/Counterclaim Plaintiffs by fraud and deceit. Plaintiffs/Counterclaim Defendants' course of conduct in doing so was so motivated by spite and malevolence and has no legal justification.

60.     By reason of the foregoing, Plaintiffs/Counterclaim Defendants have caused irreparable harm to Defendants/Counterclaim Plaintiffs' personal and professional reputations and has tormented them putting the future of the company, as well as its ability to assist people and

defend its reputation.

61.     As a result of the Plaintiffs/Counterclaim Defendants' past and continued wrongful acts, Defendants/Counterclaim Plaintiffs have suffered damages in a form of *inter alia* loss, donors and volunteers which would all be used to assist other people traumatized in their fight for their cause.

62.     In addition, Defendants/Counterclaim Plaintiffs suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

## COUNTERCLAIM COUNT VI

### Permanent Injunction

63.     The preceding paragraphs of the Counterclaim are hereby incorporated by reference as though the same were fully set forth herein.

64.     As set forth above, Plaintiffs/Counterclaim Defendants engaged in a course of conduct and/or repeated committed acts with alarm and/or seriously annoy Defendants/Counterclaim Plaintiffs and would serve no legitimate purpose, including, but not limited to, filing a fraudulent copyright and claiming the copyright violation without merit. Plaintiffs/Counterclaim Defendants committed said acts with the specific intent to harass, annoy and/or alarm Defendants/Counterclaim Plaintiffs.

65.     As a direct and approximate result of Plaintiffs/Counterclaim Defendants' past and continual wrongful acts, Defendants/Counterclaim Plaintiffs have been materially and substantially in an amount to be established at trial including compensation for Defendants/Counterclaim Plaintiffs' time, effort and attorney fees.

66.     Plaintiffs/Counterclaim Defendants have no remedy of law.

67.     Accordingly, Defendants/Counterclaim Plaintiffs seek a permanent injunctive enjoining Plaintiffs/Counterclaim Defendants from commencing or notifying any social media outlet, posting on social media, notifying news organizations, or tribunal against Defendants/Counterclaim Plaintiffs and/or their family, employees, business partners, attorneys, agents, servants, representatives and affiliates.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaim Plaintiffs pray for judgment against Plaintiffs/Counterclaim Defendants, in Counterclaim Counts I through VI above along with be awarded costs of this action; and such further legal and equitable relief as the Court deems proper.

Dated: New York, New York
           December 24, 2019

Respectfully submitted,

THE LAW OFFICES OF
ROBERT G. ANDROSIGLIO, P.C.

By: _____
       Robert G. Androsiglio, Esq.
       Bar No.: 2386035
Attorneys for Defendants
30 Wall Street, 8th Floor
New York, New York 10005-2205
(212) 742-0001
randrosiglio@rallplaw.com


OF COUNSEL:

Brian J. Sommer, Esq.
DORNISH LAW OFFICE, P.C..
2500 Brooktree Road, Suite 301
Wexford, Pennsylvania 15090
(412) 765-2726
bsommer@dornish.net

TO:    MEYER, UNKOVIC & SCOTT LLP
        Attorneys for Plaintiffs
        535 Smith Street, Suite 1300
        Pittsburgh, Pennsylvania 15222
        (412) 456-2800

## CERTIFICATE OF SERVICE

I, **Robert G. Androsiglio**, attorney for the Defendants, certify that on February 3, 2020, I served the **ANSWER WITH COUNTERCLAIMS**, via CM/EF only, by uploading a true copy of same to the Court's Website for dissemination upon Plaintiffs' counsel namely:

MEYER, UNKOVIC & SCOTT LLP
535 Smith Street, Suite 1300
Pittsburgh, Pennsylvania 15222

THE LAW OFFICES OF
ROBERT G. ANDROSIGLIO, P.C.

By:_____
Robert G. Androsiglio, Esq.
Bar No.: 2386035
Attorneys for Defendants
30 Wall Street, 8th Floor
New York, New York 10005-2205
(212) 742-0001

Civil Action No,: 2:19-cv-1327

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
DEIDRA HUBAY, ROBERT LOSIENIECKI,
JESSICA DORANTES and ALEX GABRIELLE HERRICK,

                Plaintiffs,

    - against -

JANELLE MARINA MENDEZ, PAMELA HEAL
and MILITARY SEXUAL TRAUMA MOVEMENT,

                Defendants.

# ANSWER WITH COUNTERCLAIMS

**THE LAW OFFICES OF**
**ROBERT G. ANDROSIGLIO, P.C.**
Attorneys for *Defendants*
**30 Wall Street**
**8th Floor**
**New York, New York 10005-2205**
**(212) 742-0001**

*To:*

*Attorney(s) for*

*Service of a copy of the within is hereby admitted.*
*Dated:*

                _____
                *Attorney(s) for*

PLEASE TAKE NOTICE
  [ ]     that the within is a (certified) true copy of a  entered in the office of the clerk of the within
         named Court on 20

  [ ]  that an Order of which the within is a true copy will be presented for settlement to the Hon.
         one of the judges of the within named Court, at  on      , 20   , at   .m.

Dated:

                    **The Law Offices of**
                    **Robert G. Androsiglio, P.C.**
                    Attorneys for *Defendant*s
                    **30 Wall Street - 8th Floor**
                    **New York, New York 10005-2205**
To:                     **(212) 742-0001**
Attorney(s) for