**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEIDRA HUBAY, ROBERT LOSIENIECKI, JESSICA DORANTES and ALEXIS GABRIELLE HERRICK, | ) ) ) ) | Civil Action No. 2:19-cv-01327-NR |
| Plaintiffs, | ) ) | Judge J. Nicholas Ranjan |
| v. | ) ) | |
| JANELLE MARINA MENDEZ, PAMELA HEAL and MILITARY SEXUAL TRAUMA MOVEMENT, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

<u>**FED.R.Civ.P. 26(f) REPORT OF THE PARTIES**</u>

1. **Subjects of Fact Discovery:**

   In general, the parties anticipate that fact discovery will focus on standard issues presented by the parties' respective claims and defenses, including, without limitation: (1) the factual basis for claims, defenses and allegations, (2) the scope and nature of use of the subject photographs and names/likenesses, (3) written and electronic communications between Plaintiffs and Defendants, including the scope and documentation of any claimed agreements between the parties, (4) the parties' social media posts and responses thereto, (5) the damages claimed by the parties, (6) identification of the Defendants' asserted third party relationships for which interference is claimed and all written and communications between Defendants and such parties (third party depositions of such parties may occur).

2. **Subjects of Expert Discovery:**

   The parties are currently evaluating the need for any experts and expert discovery in this matter. Certain expert forensic review may be needed for ESI relating to camera cards and Google® documents. The need for additional experts and related discovery is uncertain at this time.

3. **Can fact and expert discovery occur at the same time? Why/why not?**

   The parties anticipate that any expert forensic review can be conducted as part of fact discovery. As noted in response to Item 4(d) below, the parties respectfully request a Post- Fact Discovery Status Conference, at which time the need for any additional expert discovery can be assessed.

4. **Pre-trial Deadlines:**

   (a)   Date for Initial Disclosures: **February 6, 2020;**

     (b)     Date for joinder/amendment: **February 28, 2020**

     (c)     Date for close of fact discovery: **June 30, 2020**

     (d)     Date for close of expert discovery: **The parties respectfully request a Post-Fact Discovery Status Conference, at which time the need for expert discovery, if any, can be addressed.**

**5.**     Do the parties want a Rule 502 non-waiver order – Yes or No?

     **Yes.**

**6.**     Are there any ESI issues to address? If yes, please explain:

     **The parties have discussed preservation and possible forensic of ESI and do not have any issues at this time.**

**7.**     Protective Order – Yes or No? If yes, please explain:

     **The parties are evaluating the need for a stipulated confidentiality order.**

Respectfully submitted,

*/s/ Katelin J. Montgomery*

David G. Oberdick, Esquire
Katelin J. Montgomery, Esquire
Meyer, Unkovic & Scott LLP
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
Email: dgo@muslaw.com
*Attorney for Plaintiffs,*
*Deidra Hubay, Robert Losieniecki, Jessica Dorantes and Alexis Gabrielle Herrick*

*/s/ Brian Sommer*

Brian Sommer, Esquire
Dornish Law Offices, PC
2500 Brooktree Road, Suite 301
Wexford, PA 15090
Email: bsommer@dornish.net
*Attorney for Defendants,*
*Janelle Marina Mendez, Pamela Heal, and Military Sexual Trauma Movement*