## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEIDRA HUBAY, et. al. | ) | |
| | ) | |
| Plaintiffs, | ) | 2:19-cv-1327-NR |
| | ) | |
| v. | ) | |
| | ) | |
| JANELLE MARINA MENDEZ, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

### CASE MANAGEMENT ORDER

The Court held an initial case management conference on February 13. 2020, and based on the discussion at that conference, issues the following schedule:

### Mandatory Alternative Dispute Resolution

1. The Court appoints Tina O. Miller as neutral. The parties are directed to file an amended ADR Stipulation by **February 20, 2020** identifying the date & time of their scheduled mediation session. Defendants' counsel shall be responsible for filing the parties' amended ADR Stipulation by that date. If, for any reason, the parties are not able to file an amended ADR Stipulation by that date, they should file a joint status report instead.

2. Pursuant to Section 3.4(B) of the local ADR Practices & Procedures, the Court finds that the parties have shown good cause to excuse them from the usual requirement to complete their ADR session within 60 days of the initial case management conference.

### Settlement Demand & Response

3. Plaintiffs shall provide Defendants with a formal settlement demand by **February 17, 2020**.

4.      Defendants shall provide Plaintiffs with a formal response to their settlement demand by **February 24, 2020**.

### Case Management & Discovery Schedule

5.      Initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure, including the production of any corresponding documents, will be made by **February 28, 2020**.  The parties are reminded to supplement their disclosures with due diligence.

6.      Prior to the parties' ADR session, discovery shall be limited to (i) the exchange of initial disclosures; (ii) the production of documents associated with those disclosures; and (iii) any other discovery mutually agreed to by the parties.

7.      As discussed during the initial case management conference, the parties shall confer and file a joint notice by **February 28, 2020** detailing a proposed procedure and schedule for efficiently resolving some or all their respective declaratory judgment and copyright claims (*e.g.* a limited bench trial, an injunction hearing, etc.) . The parties' joint notice should also identify any discovery that is necessary to facilitate an agreed-upon procedure.

8.      Based on its review of the pleadings, and subject to additions or modifications proposed by the parties, the Court proposes that at least the following issues in this case may be amenable to summary or otherwise efficient disposition in the procedural manner stipulated to by the parties:

    a. Whether Plaintiff Losieniecki's alleged copyright registration is valid and enforceable, as opposed to invalid and fraudulent, and the legal significance of that fact.

    b. Whether Defendants infringed Plaintiff Losieniecki's copyright by displaying the photographs in question as alleged in the Complaint.

    c. Whether Defendants own, or otherwise have / had the right to use & publish, the photographs, names, or likenesses of the Plaintiffs.

    d. Whether Plaintiffs sold or consented to Defendants' use of the photographs in question, whether Plaintiffs later revoked that consent, and the legal significance of any sale, consent, or revocation of consent that occurred.

    e. The nature and scope of any injunction to be issued.

9. After the parties file an amended ADR Stipulation, the Court will schedule a status conference to be held as soon as practicable after the parties' ADR session. If the case has not resolved before that date, the Court will set a final deadline for discovery and other discovery parameters during the conference. The status conference may be converted to a hearing or bench trial prior to that date if appropriate based on the parties' proposal noted above.

10. Pursuant to Local Civil Rule 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

    (a) The producing party shall promptly notify all receiving parties of the inadvertent product of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

    (b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such

material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

(c)     If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a).  Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

11.     All other discovery-related matters and scheduling will be addressed, if necessary, at the post-ADR status conference.

DATED this 13th day of February, 2020.          BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge