IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X Civil Action No.: 2:19-cv-1327
DEIDRA HUBAY, ROBERT LOSIENIECKI,
JESSICA DORANTES and
ALEXIS GABRIELLE HERRICK,

                Plaintiff,

vs.

JANELLE MARINA MENDEZ, PAMELA HEAL
and MILITARY SEXUAL TRAUMA MOVEMENT,

                Defendants.
---------------------------------------------------------------X

**AFFIRMATION OF ROBERT G. ANDROSIGLIO, ESQ. IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO FRCP §65**

      **ROBERT G. ANDROSIGLIO**, an attorney admitted to practice before this Court, affirms the following under penalty of perjury:

    1.    I am a partner with the Law Offices of Robert G. Androsiglio, P.C., attorneys for the defendants, and as such, am fully familiar with the facts and circumstances of the within action based upon my review of the file maintained in this office.

    2.    I submit this affirmation in support of defendants' Motion for an Order pursuant to FRCP § 65 for a preliminary injunction enjoining all Plaintiffs and all persons acting on their behalf from claiming the subject photographs related to copyright interests and likeness and names of individuals are properly owned and copyrighted by Defendants and to further enjoin Plaintiffs from notifying websites hosts, social media and news outlets that the subject photographs are not owned by the Defendants and to further rule that Defendants hold the proper copyright for the photographs and are the rightful owners of photographs.

    3.    In the within action, plaintiffs seek damages against defendants for alleged copyright infringement; invasion of privacy; declaratory judgment; and intentional infliction of emotional distress. Plaintiffs allege that defendants have improperly use photographs of the plaintiffs without their consent and in violation of their registered copyright of the pictures causing monetary and

physical/psychological damages.

4. Defendants deny the claims of plaintiffs and countersued for copyright fraud, intentional infliction of emotional distress, declaratory judgment, tortious interference and perspective contractual relationship, and prima facie tort.

5. Defendants' motion is based upon the following grounds. On or about August 2019, Plaintiff, Robert Losieniecki (hereinafter "Losieniecki") the husband of Plaintiff Deidra Hubay (hereinafter "Hubay"), the former Executive Director of Communications of the Defendant corporation, Military Sexual Trauma Movement (hereinafter "MSTM"), registered as a volunteer with MSTM under identification number 6951 for MSTM's event to promote awareness and lobby congressmen and senators about the plight of women who have suffered sexual trauma in the military scheduled to be held in Washington, DC. (Annexed hereto and designated as Exhibit "A" is a copy Plaintiff Losieniecki and Herrick's registration as a volunteer).

6. On or about August 7, 2019, the Board of Directors of MSTM which included Defendants, Janelle Marina Mendez (hereinafter "Mendez") and Pamela Heal (hereinafter "Heal"), held a board meeting to discussed event strategies, recruitment of additional volunteers, legal consent forms, scholarship agreements and media consent forms.

7. On or about August 22, 2019, Plaintiff, Hubay at the direction of the board based upon the meeting of August 7, 2019, drafted the media consent forms and circulated them for review and approval.

8. Thereafter, on August 26, 2019, at the Senior Leadership Meeting of MSTM, which included Plaintiff, Hubay, Plaintiff, Jessica Dorantes (hereinafter "Dorantes"), Plaintiff Gabrielle Herrick (hereinafter "Herrick) and Defendants, Mendez and Heal, agreed that Plaintiff, Losieniecki, will provide photography services as a volunteer in exchange for scholarship lodging. (Annexed hereto and designated as Exhibit "B" is a copy the Senior Leadership Meeting minutes).

9. On or about September 1, 2019, Defendant, Mendez, drafted a school excusal letter on behalf of Plaintiff, Losieniecki, naming him the photographer on duty for Defendant, MSTM, for

the Washington, DC event for him to provide to his college professors. On September 2, 2019, Plaintiff, Hubay, forwarded the letter from her email to Plaintiff, Losieniecki. (Annexed hereto and designated as Exhibit "C" is a copy the September 1, 2019 letter & September 2, 2019 email).

10. On September 2, 2019, at the Senior Leadership Meeting, which included Plaintiffs, Hubay, Herrick and Dorantes with Defendants, Heal, and Mendez, it was agreed that unless a participating party submitted their media consent and scholarship agreement into the HR file they would not be allowed to attend.

11. On September 4, 2019, the last Board of Directors meeting before the DC event discussions were held regarding social media campaigns, including verifying that Plaintiff, Losieniecki, will be the movement's photographer and that he is fully registered in the Nation Builder. The minutes from the meeting also disclose that Defendants planned to publish the photographs from the event and copyright same. (Annexed hereto and designated as Exhibit "D" is a copy the September 4, 2019 minutes).

12. On September 5, 2019, final lodging and scholarship accommodations were provided as benefits for work for hire employees to the movement volunteers which included Plaintiff Losieniecki. (Annexed hereto and designated as Exhibit "E" is a copy the Scholarship Lodging Agreement which included Plaintiffs Losieniecki, Hubay and Doranties).

13. On or about September 15, 2019, Defendants discovered that the HR files were illegally removed from MSTM's Google Drive. The only members who had access to the Google Drive were Plaintiffs Hubay, Losieniecki, Dorantes and Herrick. Upon discovering that the HR files which contained the executed media consent forms and scholarship lodging agreements which were executed by plaintiffs Hubay, Losienieski, and Dorantes.

14. On September 18, 2019, Defendants emailed Plaintiffs, Hubay, Dorantes and Herrick, requesting to restore the missing files and email passwords that had been removed or changed without Defendants' consent. (Annexed hereto and designated as Exhibit F is a copy of the September 18, 2019 letter).

15. On October 8, 2019, Defendant Mendez, filed for copyright ownership of their photographs, as defendants were the rightful owners of the photographs. Since Plaintiff Losieniecki was a register volunteer for Defendant MSTM which is a non for profit cooperation and he took the pictures while acting in the scope of his employment, therefore Defendant MSTM is the owner of the photographs.

16. Plaintiff Losieniecki had the necessary skill in photography and Defendants as his employer provide space, materials and tools which were funded by Defendants. Example of the items provided to Plaintiff Losieniecki was a meeting space for all volunteers to meet which Plaintiff Losieniecki documented by photographing same. Defendants also paid for Plaintiff's Losieniecki's SIM card, lodging and printed materials that were used in the photography. Plaintiff Losieniecki as a register volunteer was an employee for Defendants and defendants had control over what work he could perform and all photographs were taken based upon the scheduled supplied by defendants.

17. The "Work Made for Hire Doctrine" maintains that an employer will own all exclusive rights to the work made by employees. The Copyright Act defined the word "author" as including "an employer in the case of works made for hire." Under the Copyright Act, an employer may claim to be the "author" of a work under one of two situations as follows: 1) the work is prepared by an employee within the scope of the employee's employment; or 2) an independent contractor and employer agree in writing that the work created by the independent contractor shall be considered a "work made for hire."

18. As in the case with the defendant corporation which is 100% volunteer-led not for profit organization, any volunteer is considered an employee under the U.S. Copyright Employment Law. Therefore, the volunteer is an employee and as a result there is a presumption that the employer owns the copyright.

19. For an employee's work to be considered a work made for hire, the work must be created within the employee's scope of employment. The Copyright Act does not define the terms "employee," "employer" or "scope of employment." In its decision in Community for Creative Non-

<u>Violence v. Reed</u> 490 US 730 (1989) the Supreme Court held that Congress intended these terms to be understood in light of agency law, which governs employer-employee relationships, and the courts should rely on the general common law of agency, rather than on the law of any particular state to give meaning to these terms.

20. Points that the Courts will look at to determine if its work for hire: (1) What skills were required? (2) Where was the work created? (3) Did the hiring party provide space, materials or tools to create the work? (4) How long was the relationship between the parties? (5) Did the hiring party have the right to assign other projects and could the hiring party direct the creator? (6) How was the creator paid? and (7) Does the creator have his own business?

21. As stated above Plaintiff was hired to photograph the event; he was supplied lodging scholarship funding and event location; he was a registered volunteer; the work was controlled by the Defendants and the time and location of where to work was dictated by Defendants. Based upon the aforementioned it is clear that the plaintiffs were employees and as a result ownership of the copyright rest with the defendants.

22. Furthermore, the photographs that Plaintiff claim they own and contain the trademark of defendant corporation.

23. Finally DMCA found that Defendants are the proper owners of the copyrighted photographs and have directed social media sites to restore the posts which were illegal taken down by plaintiffs.

**WHEREFORE**, it is respectfully requested that defendants' motion be granted together with such other and further relief the Court deems just and proper.

Dated: New York, New York
March 9, 2020

_____
ROBERT G. ANDROSIGLIO, ESQ.