MUS3518744.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEIDRA HUBAY, ROBERT LOSIENIECKI, JESSICA DORANTES and ALEXIS GABRIELLE HERRICK, | Civil Action No. 2:19-cv-01327-NR |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| JANELLE MARINA MENDEZ, PAMELA HEAL and MILITARY SEXUAL TRAUMA MOVEMENT, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDNUM RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION**

AND NOW COME Plaintiffs, by and through their attorneys, and respectfully submit this Memorandum Response in Opposition to Defendants' Motion for Preliminary Injunction (the "MSTM PI Motion").

I. INTRODUCTION

Defendants' Motion for Preliminary Injunction seeks broad injunctive relief to enjoin Plaintiffs from claiming the copyright and ownership of the photographs at issue in this action, including prohibiting Plaintiffs from notifying websites, social media and news outlets that the subject photographs are not owned by the Defendants. Notably, Defendants' do not address the absence of any legal or factual basis for their position that, separate from copyright claims, they do not have any perpetual license granting them rights to use, copy or display the likenesses and names of the Plaintiffs. For the reasons set forth herein, Plaintiffs respectfully petition this Court to deny Defendants' request for injunctive relief.

## II.     MR. LOSIENIECKI WAS NOT AND IS NOT AN EMPLOYEE OF MSTM

Defendants' shifting story on the MSTM copyright ownership claim betrays the fundamental fallacies in both their legal and factual positions.

It now has become more clear – at least at present – that the Defendants do not claim MSTM ownership or exclusive license rights in the photographs by virtue of any written agreement – because no such agreement exists either to satisfy the "work made for hire" definition under the Copyright Act or by some purchase. Instead, Defendants claim MSTM copyright ownership rights by classifying Mr. Losieniecki as an "employee" of the organization. This argument fails as Defendants cannot satisfy the elements set forth in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989) ("*CCNV*"). More specifically, Defendants fail to cite a single case supporting their argument that, simply because MSTM is a non-profit and relies upon volunteer work, a presumption exists within the U.S. Copyright Act that all who volunteer for the organization are employees. This is untenable and entirely inconsistent with agency law concepts. In the case of volunteers, the Copyright Act otherwise requires a written agreement confirming ownership rights – which, again, does not exist in this case.

In *CCNV*, a homeless charity paid a sculptor named James Earl Reid for a statue that depicted the plight of homeless people for a Christmas pageant in Washington, D.C., called "Third World America." *Id*. at 732. The Supreme Court held that common law agency principles should be applied to decide whether a work is made by an employee or an independent contractor under the Copyright Act. *Id*. at 751. The Court listed twelve determinative factors, including [1] the skill required; [2] the source of the instrumentalities and tools; [3] the location of the work; [4] the duration of the relationship between the parties; [5] whether the hiring party has the right to assign additional projects to the hired party; [6] the extent of the hired party's discretion over when and

how long to work; [7] the method of payment; [8] the hired party's role in hiring and paying assistants; [9] whether the work is part of the regular business of the hiring party; [10] whether the hiring party is in business; [11] the provision of employee benefits; [12] and the tax treatment of the hired party. *Id*. at 751-52.

Based on these factors, the Court held Reid was an independent contractor. Reid supplied his own tools, was without any extensive supervision and was free in the way he met his deadlines. CCNV could not assign more projects to Reid and paid him in the normal manner independent contractors are done. *CCNV*, 490 U.S. at 752-53.

The same considerations apply here. In particular, the Defendants do not appear to dispute that factors 3, 4, 5, and 8-12 all support an independent contractor relationship. The facts have and will show that the other factors align with the same conclusion.

With respect to the first factor, Mr. Losieniecki does not have any particular skills as a photographer and, as discussed below, the camera used belongs to Ms. Hubay.

The source of the instrumentalities and tools for the photographs – factor two - lies with Ms. Hubay. In particular, the camera belongs to her and she supplied SIM cards that she purchased previously and used for prior photographs over the course of time. She continues to hold these SIM cards, which include the original photographs taken by Mr. Losieniecki. The Defendants previously asserted that Ms. Mendez bought the SIM cards based on reference to a $129 payment to Ms. Hubay (not Mr. Losieniecki) in a redacted Facebook message string. However, as illustrated in Plaintiffs' Motion for Preliminary Injunction, the recently unblocked payment confirmation clearly states that the $129 payment was for "MSTM Refund 2 ink, and groceries." *See* ECF No. 36-1, Exhibit A to Plaintiffs' Motion for Preliminary Injunction. The MSTM PI Motion makes no mention of the $129 payment.

Turning to factor six, Mr. Losienecki was never directed on what photographs to take or where to take them. He was free to leave the MSTM trip at any point. Further, MSTM engaged others to take photographs and videos at the event.

Finally, with respect to factor seven, Mr. Losieniecki receive no payment or other compensation for the photographs. The $129 payment relates to groceries and printer ink. Defendants now allege that Mr. Losienecki also received lodging and a scholarship for same as his compensation. This is untrue. There is no evidence of payment by MSTM for lodging. Instead, Mr. Losienecki shared a room and bed with his wife, Ms. Hubay, which had been donated to MSTM by the owner of the Airbnb. Further, Mr. Losieniecki has not received a W-2 – or any tax document – reflecting the receipt of compensation from MSTM.

Defendants seek to distract from the proper application of these factors by submitting a new – and fictional – document purporting to be Board of Director Meeting Minutes dated September 4, 2019, in which Mr. Losieniecki's name appears in the notes as a photographer in connection with a planning meeting for the DC Trip. *See* ECF No. 37, Exhibits B and D. These minutes were not provided to Plaintiffs with the Defendants' Rule 26(a) Initial Disclosures and were not attached or referenced in any earlier pleadings. Further, it is curious and beyond coincidence that the meeting allegedly took place without Plaintiffs Hubay, Herrick or Dorantes present.[1]

Defendants allege further that the MSTM trademark appears on the photographs at issue, which is another misstatement. As demonstrated by the photographs attached to Plaintiffs' Complaint, no such trademarks existed on the original images and Mr. Losienecki and Ms. Hubay

---

[1] Even if Mr. Losieniecki was "retained" as a photographer for MSTM, which Plaintiffs deny, the "minutes" do not assert or even imply that an employment relationship was created.

- 4 -

still have possession of the original SD cards used to take the photographs on Ms. Hubay's camera. *See* ECF No.1, Exhibits B through AA.

Finally, Defendants allege that "DMCA" has determined that Defendants are the proper owners of the photographs at issue. It is unclear what "DMCA" is referring to within Defendants' Motion, but no other copyright enforcement actions have been filed with a court of law regarding the photographs at issue and, as such, this issue is ripe for determination by this Honorable Court.[2]

## DEFENDANTS DO NOT ADDRESS PRIVACY RIGHTS

Plaintiffs rights of privacy in their likenesses and names stand legally separate from copyright interests. These rights belong to Plaintiffs Hubay, Dorantes, and Herrick – and any consent to use of their likenesses and names has been revoked.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court deny Defendants' request for injunctive relief.

---

[2] Plaintiffs believe Defendants may be referring to a private copyright enforcement service known as "Digital Millennium Copyright Act Services Ltd.," as the Digital Millennium Copyright Act itself simply provides safe harbors from copyright infringement liability for online service providers. *See* DMCA, *Information About DMCA.com*, https://www.dmca.com/About-Us?r=msft (last visited March 20, 2020).

- 6 -

Dated:  March 23, 2020

        Respectfully submitted,

        */s/ Katelin J. Montgomery*
        David G. Oberdick
        Pa. I.D. #47648
        Email:  dgo@muslaw.com

        Katelin J. Montgomery
        Pa. I.D. #322698
        Email:  kjm@muslaw.com

        MEYER, UNKOVIC & SCOTT, LLP
        535 Smithfield Street, Suite 1300
        Pittsburgh, PA  15222
        (412) 456-2800

        ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION** was filed electronically. Parties may access this filing through the Court's ECF/PACER system.

*/s/ Katelin J. Montgomery*
Katelin J. Montgomery