MUS3523201.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEIDRA HUBAY, ROBERT LOSIENIECKI, JESSICA DORANTES and ALEXIS GABRIELLE HERRICK, | ) ) ) ) | Civil Action No. 2:19-cv-01327-NR |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| JANELLE MARINA MENDEZ, PAMELA HEAL and MILITARY SEXUAL TRAUMA MOVEMENT, | ) ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED MOTION FOR ENTRY OF
## CONFIDENTIALITY AND PROTECTIVE ORDER

AND NOW, this 1st day of April, 2020, the parties, through their undersigned counsel, jointly stipulate to and move for entry of this Confidentiality and Protective Order, whereby the following terms and conditions shall apply to certain designated information and documents, including discovery responses and deposition testimony, produced or provided in this action (the "Lawsuit"):

1.      To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, this Confidentiality and Protective Order ("Protective Order") shall govern the handling of documents, responses to discovery requests, depositions, exhibits, and all other information which has been designated as "Confidential" as defined below, as follows:

**Proceedings and Information Governed**

2.      This Protective Order and any amendments or modifications hereto shall govern any confidential and proprietary document, information, or other thing furnished by any producing and/or designating party (the "Producing Party"), to any Party in this Lawsuit, including any document, information, or other thing furnished by any non-party to this Lawsuit ("Non-Party") in response to a subpoena in connection with this Lawsuit.  The information protected includes, but is not limited to: (i) documents produced or disclosed by Plaintiffs Deidra Hubay, Robert Losieniecki, Jessica Dorantes and Alexis Gabrielle Herrick (collectively, "Plaintiffs"), Defendants Janelle Marina Mendez, Pamela Heal and Military Sexual Trauma Movement (collectively, "Defendants") and any of their respective officers, agents, partners, members, affiliates, parents or subsidiaries (collectively, "the Parties", or individually, a "Party") or any Non-Party which produces or discloses such documents, whether pursuant to a subpoena served in this Lawsuit or any other court order or process; (ii) answers to interrogatories; (iii) answers to requests for admission; (iv) responses to subpoenas or requests for production of documents; (v) deposition transcripts; (vi) videotapes; (vii) deposition exhibits; and (viii) other writings or things produced, given, or filed in this Lawsuit that are designated by the Producing Party, or any Party, as "Confidential" or "Highly Confidential: Attorney Eyes Only" (as defined below) in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.  The information and documents described in this paragraph shall hereinafter be referred to as the "Litigation Materials."

**Designation and Maintenance of Litigation Materials as
"Confidential"**

3.      For purposes of this Protective Order:

      a.      Litigation Materials which may be designated "Confidential" shall be limited to those materials that, in the good faith belief of a Party and/or non–party witness, contain or refer to sensitive, non-public and/or trade secret technical, business or financial information regarding the Producing Party or its affiliates; proprietary information regarding the Producing Party or its affiliates; or any other information of a confidential or proprietary nature, the disclosure of which would or might be harmful to the proprietary or business interests of the Producing Party its affiliates.

      b.      Litigation Materials which may be designated "Highly Confidential: Attorney's Eyes Only" shall be limited to those that, in the good faith belief of the Producing Party, may contain or reveal any highly sensitive, non-public and/or trade secret technical, business, financial or personal information. Some examples of such highly sensitive, non-public, business or personal information that may be marked as "Highly Confidential: Attorneys' Eyes Only" include, without limitation any (i) personal financial or proprietary information, (ii) confidential analytical, research and development, financial, technical, or other sensitive proprietary and/or trade secret information, and (iii) any other highly sensitive, non-public and/or trade secret information, the disclosure of which would or might be harmful to the proprietary or business interests of the Producing Party, its affiliates, and/or other individual or entities who are not parties to this litigation.

      c.      Any Party may designate a document or information produced by a Non-Party pursuant to subpoena, order of court, or otherwise as "Confidential" or "Highly Confidential:

Attorneys' Eyes Only" by sending written notice to all Parties designating such document as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" within thirty (30) days after the document is delivered to the Party designating the document as "Confidential" or "Highly Confidential: Attorneys' Eyes Only."   All documents produced by non-parties shall be deemed to have been designated "Confidential" for ten (10) business days after the documents have been delivered, whether or not any portion of the document has been so designated previously.

        d.      "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials do not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the Party to whom disclosure is made, unless that Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

        4.      Documents and things produced during the course of this litigation within the scope of paragraph 3(a) above may be designated by the Producing Party as containing "Confidential" information by placing on each page and each thing a legend or appropriate label identifying it as being "CONFIDENTIAL" at the time of production.  The initial failure, by inadvertence or otherwise, to mark a particular item as "Confidential" shall not preclude a subsequent marking of such item.

        5.      Documents and things produced during the course of this litigation within the scope of paragraph 3(b) above may be designated by the Producing Party as containing "Highly Confidential: Attorneys' Eyes Only" information by placing on each page and each thing a legend or appropriate label identifying it as being "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" at the time of production. The initial failure, by inadvertence or otherwise, to mark a

particular item as "Highly Confidential: Attorneys' Eyes Only" shall not preclude a subsequent marking of such item.

6.      Following the production of such documents or things, counsel for any of the Parties may challenge the "Confidential" or "Highly Confidential: Attorneys' Eyes Only" designation pursuant to the procedures outlined in Paragraph 10 below.

7.      Any Litigation Materials used during a deposition shall retain the confidentiality designation that it was given by the Producing Party.  In addition, a Party may designate information disclosed at a deposition as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" by any one of the following means: (i) by stating orally on the record that the information is "Confidential" or "Highly Confidential: Attorneys' Eyes Only" on the day the testimony is given; (ii) by sending written notice to all Parties designating information as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" within thirty (30) days after the transcript of the testimony is delivered to the Party designating the testimony or document as confidential; or (iii) by stamping or writing the legend "Confidential" or "Highly Confidential: Attorneys' Eyes Only" on the relevant portion of the transcript or document at or before the signing of the transcript by the witness or as soon thereafter as practicable.  A Party shall make confidentiality designations by specifically identifying the line and page of the deposition transcript containing "Confidential" or "Highly Confidential: Attorneys' Eyes Only" information.  If no such designation is made at the deposition or within such thirty (30) calendar day period (during which period, the transcript shall be treated as "Confidential", unless the disclosing Party (the "Disclosing Party") consents to a less confidential treatment of the information), the deposition will be considered devoid of "Confidential" or "Highly Confidential: Attorneys' Eyes Only" information, except information

previously designated as "Confidential" shall retain its original designation.  Each Party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

8.      To the extent that any document marked by a Non-Party as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" is disclosed at a deposition, then counsel for the offering Party must designate the exhibit, and corresponding testimony, in a manner that is consistent with the Non-Party's confidentiality designation.

### Inadvertent Failure to Designate Litigation Materials

9.      The inadvertent failure to designate or withhold any information as "Confidential", "Highly Confidential: Attorneys' Eyes Only", or privileged will not be deemed to waive a later claim as to its confidential or privileged nature under the terms of this Protective Order or to prevent the Producing Party from designating such information as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" at a later date, in writing and with particularity, as long as such claim is asserted within 30 calendar days after the discovery of the inadvertent failure to designate.   The receiving Party (the "Receiving Party") shall treat such information as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" or from the time the Receiving Party is notified, in writing, of the change in the designation. The Receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons other than those authorized pursuant to paragraph 12 of this Protective Order. and prevent further use or disclosure of "Confidential", "Highly Confidential: Attorneys' Eyes Only", or privileged information contained therein from such persons.

## Challenges to "Confidential" Designations

10.     A Receiving Party may challenge a Producing Party's designation at any time.  Any Receiving Party disagreeing with a designation may request, in writing, that the Producing Party change the designation.  The Producing Party shall then have ten (10) days after receipt of a challenge notice to advise the Receiving Party whether it will change the designation.  If the Parties are unable to reach agreement within ten (10) days, and after any conference required under the Federal Rules of Civil Procedure or Local Rules of Court, the Receiving Party may at any time thereafter, with advance notice to the Producing Party so that the Producing Party may have an opportunity to object, seek a court order to alter the confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.  Nothing contained herein shall change any Party's burden of proof.

## Treatment and Use of "Confidential" and "Highly Confidential: Attorneys' Eyes Only" Litigation Materials

11.     Information designated as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" may be used only for purposes of preparation, trial, and appeal of this Lawsuit.  The law relating to the inadvertent disclosure of privileged information shall apply in all cases governed by this Protective Order.

12.     It is the responsibility of counsel for each Party to maintain Litigation Materials containing "Confidential" or "Highly Confidential: Attorneys' Eyes Only" information in a secure and appropriately identifiable manner so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

13.     Permitted Uses and Disclosures of "Confidential" Litigation Materials.  Subject to the terms, conditions, and restrictions of this Protective Order, except as otherwise provided by further written stipulation of the Parties or by order of Court, "Confidential" Litigation Materials may be disclosed to or discussed with only the following persons:

a.      the Parties and their respective in-house and outside counsel, including the members, partners, associates, paralegals, and clerical staff of the law firm of said counsel;

b.      officers, agents, and employees of the Parties, as reasonably necessary for the purposes of this Lawsuit, including individuals who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions;

c.      the Court and court personnel, deposition officers, court reporters, and videographers used in the connection with this Lawsuit;

d.      any mediator, arbitrator, or provider of alternative dispute resolution services retained by the Parties in connection with this Lawsuit;

e.      employees of outside copying, printing, binding, computer input, document management or e-discovery services, used by the Parties for the purposes of litigation support with respect to this Lawsuit;

f.      persons who have been retained or otherwise consulted by any Party (or by its attorneys of record) for the purpose of assisting in this Lawsuit as outside consultants, private investigators, or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Lawsuit, provided the expert or consultant signs the Nondisclosure Agreement in the form attached as **Exhibit A**;

g.      deponents and witnesses in this Lawsuit, and former employees of the Parties, provided that such individuals shall not retain "Confidential" Litigation Materials, but may inspect it as necessary for the purposes of preparation or examination;

h.      any other person agreed to by the Party that produced such "Confidential" Litigation Materials.

Disclosure of "Confidential" Litigation Materials pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

14.     Before a Party discloses any documents or thing designated as "Confidential" to any person specified in paragraphs 13(f), 13(g), or 13(h) above (each, a "Third Party"), the Disclosing Party will make the contents of this Protective Order known to such Third Party and will further make the existence of this Protective Order and the confidential nature of such documents known to such Third Party.

15.     Permitted Uses and Disclosures of "Highly Confidential: Attorneys' Eyes Only" Litigation Materials. Subject to the terms, conditions, and restrictions of this Protective Order, except as otherwise provided by further written stipulation of the Parties or by order of Court, "Highly Confidential: Attorney Eyes Only" Litigation Materials may he disclosed to or discuss with only the following persons:

        a.     counsel of the Receiving Party, including in-house counsel, paralegals and clerical staff of the in-house legal department, and outside counsel, and the members, partners, associates, paralegals, and clerical staff of the law firm of said outside counsel;

        b.     the Court and court personnel, deposition officers, court reporters, and videographers used in the connection with this Lawsuit;

        c.     any mediator, arbitrator, or provider of alternative dispute resolution services retained by the Parties in connection with this Lawsuit;

        d.     employees of outside copying, printing, binding, computer input, document management or e-discovery services, used by the Parties for the purposes of litigation support with respect to this Lawsuit;

        e.     persons who have been retained or otherwise consulted by any Party (or by its attorneys of record) for the purpose of assisting in this Lawsuit as outside consultants, or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Lawsuit, provided the expert or

consultant signs the Nondisclosure Agreement in the form attached as **Exhibit A**;

f.      as to any document, its authors, its addressee, and any other person shown on the fact of the document to have received a copy;

g.      any director, officer, employee, or agent of the company for which the person is testifying as a designee;

h.      any director, officer, employee, or agent of the Producing Party; and

i.      any other person agreed to by the Producing Party.

Disclosure of "Highly Confidential; Attorneys' Eyes Only" pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

16.      In the event of disclosure under paragraphs 13 and 15, only the reporter, the person, his or her counsel, the Court, and persons to whom disclosure may be made, and who are bound by the Order, may be present during the disclosure or discussion of "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials.

17.      Counsel disclosing "Confidential" Litigation Materials pursuant to the terms of this Protective Order to an expert, consultant or Non-Party in a deposition shall require the expert, consultant or Third-Party deponent to execute a signed Confidentiality Agreement in the form attached as **Exhibit A**.  Further, to the extent that any document marked by a Third Party as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" is disclosed to an expert, consultant, or Non-Paty in connection with an expert report or deposition, then counsel for the offering Party must designate the expert report, exhibit, and/or corresponding testimony, in a manner that is consistent with the Non-Party's confidentiality designation.  Further, counsel shall be responsible for the adherence by Non-Party vendors to the terms and conditions of this

Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as **Exhibit B**.

**Non-Party/Third-Party Information**

18.     Counsel for the Parties shall disclose the existence of this Protective Order to any person producing documents, tangible thing, or testimony in this Lawsuit who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Disclosure Pursuant to Subpoena or Other Compulsory Process**

19.     If a Party receives a subpoena or other compulsory process commanding the production of "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials, the Party upon whom such discovery is served shall promptly notify the counsel for the Party whose material is being sought ("Producing Party"), in writing, as soon as is practicable (unless to do so would be contrary to law or regulation), so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Protective Order.  The written notice shall identify the "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials sought, the identity of each person to whom the "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials is to be disclosed, and shall enclose a copy of the subpoena, document request or order requesting production.  Subject to the duty to comply with the subpoena or document request under applicable law, no production or disclosure of "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials shall be made until the Producing Party has received a reasonable opportunity to consider or respond to the

subpoena or document request.  If the Producing Party timely seeks a protective order, disclosure shall not take place until the Court rules on the motion for protective order.  In the event that such protective order or other remedy is not obtained, or the Producing Party waives compliance with the provisions hereof, the Party receiving the subpoena or other compulsory process shall furnish only the portion of the "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials that are legally required or necessary under the circumstances, and shall exercise reasonable efforts to obtain assurances that the "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials furnished will receive appropriate confidential treatment.

**Filing "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials**

20.     In the event that any Party wishes to file or quote from sensitive portions of "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials in pleadings, motions or other papers disclosed to the Court as part of a filing, then the Party or attorney who wishes to file under seal shall have the burden satisfying the requirements for the filing of such matters under seal in accordance with the provisions of the Federal Rules of Civil Procedure, the Local Rules of Court, any applicable orders of this Court, and/or controlling decisional authority. Such papers or motions shall be filed under seal with a copy of this Confidentiality and Protective Order as an exhibit. The Party filing such "Confidential" Litigation Materials shall bear the responsibility for complying with the provisions of this Paragraph.

**Inadvertent Disclosure**

21.     In the event that Litigation Materials designated as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" are disclosed to someone not authorized to receive such information under this Protective Order, or are inadvertently included in a public filing, or if an

authorized person breaches any of his or her obligations under this Protective Order, counsel who learns of such unauthorized disclosure or breach shall (to the extent consistent with applicable ethical cannons and/or rules) immediately give notice of such unauthorized disclosure or breach to the other counsel of record, disclose the circumstances of the unauthorized disclosure or breach, and take all actions reasonably necessary to mitigate the harm caused by such unauthorized disclosure or breach.

## Conclusion of Litigation

18.     Within 60 calendar days after final judgment in this Lawsuit, including the exhaustion of all appeals, or within 60 calendar days after dismissal pursuant to a settlement agreement, each Party or other person/entity subject to the terms of this Protective Order shall, with respect to all originals and unmarked copies of documents and things containing "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials, either (a) assemble and return the same to the Producing Party or (b) ensure the destruction of the same and certify to the Producing Party such destruction.  However, outside counsel for any Party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## General Provisions

19.     No Prejudice.  Producing or receiving "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials, or otherwise complying with the terms of this Protective Order, shall not (a) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (b)

prevent any Party from disclosing its own "Confidential" or "Highly Confidential: Attorneys' Eyes Only" information to any person; (c) constitute an admission that any information designated "Confidential" or "Highly Confidential: Attorneys' Eyes Only" is, in fact, confidential, even if a Party has not objected to this designation; (d) prejudice any claim of immunity or privilege with regard to any testimony, documents or information; (e) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (f) prejudice the rights of a Party to apply to the Court for further protective orders; or (g) prevent a Party from agreeing, in writing, to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

220.    Amendment.  The provisions of this Protective Order may be modified at any time by written stipulation of the Parties as approved by an Order of Court. In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court.

231.    Continuing Effect.  This Protective Order survives the dismissal, discontinuation, or termination of this Lawsuit.  Parties and counsel who receive "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials are under a continuing duty to take reasonable measures to protect such documents or information from unauthorized disclosure or dissemination.

242.    Remedies.  This Protective Order may be enforced in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules and Orders of Court. The Court shall retain jurisdiction over all of the Parties for purposes of any proceeding arising from any alleged violation of this Protective Order.

Respectfully submitted,

By: */s/ Katelin J. Montgomery__*
    David G. Oberdick
    Pa. ID #47648

    Katelin J. Montgomery
    Pa. ID #322698

    MEYER, UNKOVIC & SCOTT LLP
    535 Smithfield Street, Suite 1300
    Pittsburgh, PA  15222
    (412) 456-2800

    *ATTORNEYS FOR PLAINTIFFS*

By: /s/ *Robert G. Androsiglio___*
    Robert G. Androsiglio, Esq.
    Bar No. 2386035

THE LAW OFFICES OF ROBERT G. ANDROSIGLIO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005-2205
(212) 742-0001
randrosiglio@rallplaw.com

IT IS SO ORDERED, this _____ day of April, 2020

_____
Hon. J. Nicholas Ranjan

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEIDRA HUBAY, ROBERT LOSIENIECKI, JESSICA DORANTES and ALEXIS GABRIELLE HERRICK, | ) ) ) | |
| | ) | Civil Action No. 2:19-cv-01327-NR |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JANELLE MARINA MENDEZ, PAMELA HEAL and MILITARY SEXUAL TRAUMA MOVEMENT, | ) ) ) ) | |
| Defendants. | ) | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR DEPONENT**

I hereby affirm that:

Information, including documents and things, designated as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials, as defined in the Stipulated Confidentiality and Protective Order entered in the above-captioned action (the "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those

specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials in a secure manner, and hat all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials are to be returned to counsel who provided me with such documents and materials.

Agreed to this _____ day of _____, 20____.


_____

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEIDRA HUBAY, ROBERT LOSIENIECKI, JESSICA DORANTES and ALEXIS GABRIELLE HERRICK, | ) ) ) ) | Civil Action No. 2:19-cv-01327-NR |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JANELLE MARINA MENDEZ, PAMELA HEAL and MILITARY SEXUAL TRAUMA MOVEMENT, | ) ) ) ) | |
| Defendants. | ) | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials, as defined in the Stipulated Confidentiality and Protective Order entered in the above-captioned action (the "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court: for enforcement of the Protective Order.

I agree not to use any "Confidential" or "Highly Confidential: Attorneys' Eyes Only" Litigation Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those

specifically authorized by said Protective Order, without the express written consent of the party

who designated such information as "Confidential", "Highly Confidential: Attorneys' Eyes Only",

or by order of this Court.

Agreed to this _____ day of _____, 20____.


_____